# EXHIBIT A-1

## Case Information

DC-17-02179 | RODNEY FORD vs. OTIS NORMAN FREEMEN

Case Number
DC-17-02179

Court
44th District Court

Judicial Officer
GOLDSTEIN, BONNIE LEE

File Date
02/22/2017

Case Type
CNTR CNSMR COM DEBT

Case Status
RE-OPENED

## Party

PLAINTIFF
FORD, RODNEY

Active Attorneys ▾
Lead Attorney
CLARK, TOM C
Retained

Work Phone
214-559-4400

Fax Phone
214-559-4466

DEFENDANT
FREEMEN, OTIS NORMAN

Address
2016 WICKERSHAM DRIVE
HUNTSVILLE TX 77340

Active Attorneys ▾
Attorney
MOAK, SAM
Retained

Work Phone
936-295-6394

Fax Phone
000-000-0000

Details

Lead Attorney
HURST, MONTE K
Retained

Work Phone
214-953-0053

Fax Phone
214-922-4142

DEFENDANT
PRUDENTIAL INSURANCE COMPANY OF
AMERICA

DEFENDANT
BANK OF AMERICA NA

## Disposition Events

05/05/2017 Judgment ▾

DISMISSED FOR WANT OF PROSECUTION

Judicial Officer
GOLDSTEIN, BONNIE LEE

Judgment Type
DISMISSED FOR WANT OF PROSECUTION

02/22/2017 NEW CASE FILED (OCA) - CIVIL

02/22/2017 ORIGINAL PETITION ▼

Original Petition

02/22/2017 REQUEST FOR SERVICE ▼

Request For Service

02/22/2017 CASE FILING COVER SHEET ▼

Case Filing Cover Sheet

02/22/2017 ISSUE CITATION

02/24/2017 CITATION ISSUED

02/24/2017 CITATION ISSUED ▼

DC1702179 A1.pdf

02/24/2017 CITATION▼

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
03/10/2017
Comment
ESERVE KK

03/10/2017 RETURN OF SERVICE ▼

OTIS

Comment
CITATION - OTIS NORMAN FREEMAN EXEC 3/3/17

03/27/2017 ORIGINAL ANSWER - GENERAL DENIAL ▼

DEFENDANTS ORIGINAL ANSWER 032717.pdf

04/03/2017 ORDER - SETTING SCHEDULING CONF ▼

ORDER - SETTING SCHEDULING CONF

Comment
& NOTICE OF POLICIES

04/24/2017 RESPONSE ▾

DEFENDANTS RESPONSE TO PLAINTIFFS REQUEST FOR
DISCLOSURE 042

Comment
TO PLAINTIFFS REQUEST FOR DISCLOSURE

05/05/2017 Scheduling Conference ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
9:00 AM

05/08/2017 NOTE - CLERKS ▾

Comment
DISMISS MAILED

05/17/2017 MOTION - REINSTATE ▾

2017.05.17 Motion to Reinstate.pdf

Comment
PLAINTIFFS

05/17/2017 CORRESPONDENCE - LETTER TO FILE ▾

2017.05.17 ClkLtr Order Reinstate.pdf

Comment
RE ORDER REINSTATE

05/17/2017 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

2017.05.17 Order Reinstate.pdf

Comment
PROPOSED ORDER ON MOTION REINSTATE

05/22/2017 NOTICE OF HEARING / FIAT ▾

2017.05.22 Notice of Hearing.pdf

Comment
6/20/17 15M 9:20AM REINSTATE

06/19/2017 NOTICE OF APPEARANCE ▾

DOCS-#496938-v1-FREEMEN_Notice_of_Appearance_(MKH).pdf

06/20/2017 Motion - Reinstate ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
09:20 AM

Comment
15M 2PM SET BY LESLIE 214-559-4400, REQUESTED CC

---

06/20/2017 NOTICE OF TRIAL ▾

NOTICE OF TRIAL

---

06/20/2017 ORDER - REINSTATE (OCA and REOPEN CASE) ▾

ORDER - REINSTATE (OCA and REOPEN CASE)

---

06/20/2017 SCHEDULING ORDER ▾

SCHEDULING ORDER

Comment
UNIFORM LEVEL 2

---

06/21/2017 AMENDED PETITION ▾

2017.06.21 1st Amd Petition.pdf

Comment
1ST

---

09/25/2017 REQUEST FOR SERVICE ▾

SIGNED APPLICATION FOR SUBPOENA.pdf

---

09/25/2017 ISSUE SUBPOENA

---

09/29/2017 JURY DEMAND ▾

TRANS TO CLERK-JURY FEE.pdf

Comment
SUBMITTED

---

10/02/2017 SUBPOENA DUCES TECUM▾

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
10/11/2017
Comment
SDT, NO TENDER PAID, CERT MAIL RR (9214 8901 0661 5400 0113
1617 79)

---

10/05/2017 NOTICE OF TRIAL ▾

NOTICE OF TRIAL

---

10/11/2017 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
SUBPOENA DUCES TECUM THE PRUDENTIAL FINANCIAL, INC.

---

10/12/2017 CERTIFICATE OF SERVICE ▾

CERTIFICATE OF SERVICE OF DISCOVERY 101117.pdf

Comment
DEFENDANTS

---

10/12/2017 AMENDED PETITION ▾

FIRST AMENDED PRUDENTIAL SUBPOENA.pdf

Comment
FIRST AMENDED

---

10/12/2017 ISSUE SUBPOENA ▾

Comment
9214 8901 0661 5400 0113 9888 19

---

10/20/2017 SUBPOENA DUCES TECUM▾

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
11/07/2017
Comment
CERT MAIL/CM

---

10/24/2017 REQUEST FOR SERVICE ▾

3rd Application for Subpoena Duces Tecum 102417.pdf

Trans to Clerk-additional subpoena 102417.pdf

Comment
Application for Subpoena for Issuance of New Jersey Subpoena

10/24/2017 ISSUE SUBPOENA ▾

ISSUE SUBPOENA

10/31/2017 SUBPOENA DUCES TECUM▾

Anticipated Server
MAIL

Anticipated Method
Comment
MAIL ATTY

11/07/2017 RETURN OF SERVICE ▾

RETURN OF SERVICE

    Comment
    SUBPOENA: CUSTODIAN OF RECORDS OF PRUDENTIAL
    FINANCIAL INC

12/13/2017 MOTION - SUMMARY JUDGMENT ▾

2017.12.13 Ford Motion for Summary Judgment.pdf

    Comment
    PLAINTIFFS

12/19/2017 MOTION - CONTINUANCE ▾

AGREED MOTION FOR CONTINUANCE.pdf

    Comment
    AGREED

12/19/2017 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

ORDER-CONTINUANCE.pdf

    Comment
    ORDER GRANTING JOINT AGREED MOTION FOR
    CONTINUANCE

12/20/2017 ORDER - GRANTING CONTINUANCE ▾

ORDER - GRANTING CONTINUANCE

01/02/2018 NOTICE OF TRIAL ▾

NOTICE OF TRIAL

01/11/2018 NOTICE OF HEARING / FIAT ▾

Comment
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

02/05/2018 Non Jury Trial ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
9:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

---

02/05/2018 Jury Trial - Civil ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
9:00 AM

Cancel Reason
CASE TRIAL RESET

---

02/06/2018 MOTION - CONTINUANCE ▾

DEFENDANTS MOTION FOR CONTINUANCE.pdf

Comment
ON SUMMARY JUDGMENT HEARING

---

02/06/2018 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

ORDER ON MOTION FOR CONTINUANCE.pdf

Comment
ORDER ON DEFENDANT'S MOTION FOR CONTINUANCE ON
SUMMARY-JUDGMENT HEARING

---

02/06/2018 CERTIFICATE OF CONFERENCE ▾

CERTIFICATE OF CONFERENCE.pdf

Comment
RE: MOTION FOR CONTINUANCE ORDER ON DEFENDANT'S
MOTION FOR CONTINUANCE ON SUMMARY-JUDGMENT
HEARING

---

02/07/2018 MOTION - CONTINUANCE ▾

DEFENDANTS MOTION FOR CONTINUANCE.pdf

---

02/07/2018 CERTIFICATE OF DEPOSITION ▾

Comment
OF OTIS N. FREEMEN

02/07/2018 RESPONSE ▾

DEFENDANTS RESPONSE TO PLAINTIFFS MOTION FOR SUMMARY
JUDGMENT.pdf

Comment
Defendant Response to Plaintiffs Motion for Summary Judgment

02/08/2018 Motion - Continuance ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
8:45 AM

Comment
BY TELEPHONE-STACY 936-295-6394

02/08/2018 ORDER - DENY CONTINUANCE ▾

ORDER - DENY CONTINUANCE

Comment
ON SUMMARY JUDGMENT HEARING

02/09/2018 REQUEST FOR SERVICE ▾

Application for Subpoena to Bank of America.pdf

Comment
Application for Subpoena to Bank of America

02/09/2018 ISSUE SUBPOENA ▾

Comment
CERT MAIL

02/14/2018 Motion - Summary Judgment ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
9:00 AM

Comment
LESLIE COOPER 214-559-4400/CC REQUESTED

02/14/2018 ORDER - DENY ▾

ORDER - DENY

Comment
PT MOTION FOR SUMMARY JUDGMENT

04/09/2018 NOTE - CLERKS ▾

Comment
PER ATTY REJECT 1ST SUBPOENA REQUEST WILL RESEND
REQUEST AGAIN CORRECTED

04/09/2018 MISCELLANOUS EVENT ▾

2ND SUBPOENA FOR BOA

Comment
INCORRECT DOCUMENT - AR

04/09/2018 MISCELLANOUS EVENT ▾

SUBPOENA REQUEST

Comment
2ND SUBPOENA FOR BANK OF AMERICA

04/10/2018 ISSUE SUBPOENA ▾

ISSUE SUBPOENA

Comment
CERT MAIL

04/11/2018 SUBPOENA ▾

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
OUT OF STATE

Returned
04/19/2018
Comment
CERT MAIL--9214 8901 0661 5400 0122 0869 88

04/19/2018 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
SUBPOENA DUCES TECUM BANK OF AMERICA

06/05/2018 AMENDED PETITION ▾

2018.6.5 2nd Amd Petition ReqDisclosure.pdf

SECOND

06/07/2018 DISCOVERY ▾

2nd Notice of Deposition 060718.pdf

Comment
N/INTENT/DEPO/RODNEY FORD-DEF

07/03/2018 RESPONSE ▾

Defendant's Response to Plaintiffs 2nd Request for Disclosure.pdf

Comment
to plaintiffs second amended petition and request for disclosure

07/09/2018 MOTION - CONTINUANCE ▾

motion for continuance.pdf

07/09/2018 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

order on motion for continuance.pdf

Comment
ORDER ON MOTION FOR CONTINUANCE TO OBTAIN
ADDITIONAL DISCOVERY

07/11/2018 CERTIFICATE OF CONFERENCE ▾

Certificate of Conference.pdf

Comment
RE: MOTION FOR CONT

07/19/2018 NOTICE OF HEARING / FIAT ▾

Notice of Hearing on Motion for Continuance 071918.pdf

Comment
Notice of Hearing

07/20/2018 AMENDED PETITION ▾

DOCS-#521400-v1-FORD_Defendant_s_First_Amended_Answer.pdf

Comment
1ST

07/20/2018 MOTION - SANCTIONS ▾

DOCS-#523499-v1-FORD_Motion_for_Spoliation_Sanctions.pdf

Comment
for Spoliation of Evidence

07/25/2018 NOTICE OF HEARING PART

AMENDED NOTICE OF HEARING.pdf

Comment
Amended /on Motion for Continuance

07/26/2018 Motion - Continuance ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
09:15 AM

Comment
30 MIN SET BY MARYLAND 936-295-6394/ CC.REQUESTED

07/26/2018 NOTICE OF TRIAL ▾

NOTICE OF TRIAL

07/26/2018 ORDER - GRANTING CONTINUANCE ▾

ORDER - GRANTING CONTINUANCE

08/13/2018 Jury Trial - Civil ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
9:00 AM

Cancel Reason
CASE TRIAL RESET

Comment
D/M/CONT NEEDS HRG, CALLED P OFC 7/11/18

09/10/2018 RETURN OF SERVICE ▾

SUBPOENA DUCES TECUM - BANK OF AMERICA

Comment
SUBPOENA DUCES TECUM - BANK OF AMERICA

09/12/2018 RETURN OF SERVICE ▾

SUBPOENA ALIGHT SOLUTIONS AGENT FOR BANK OF AMERICA

Comment
SUBPOENA ALIGHT SOLUTIONS AGENT FOR BANK OF
AMERICA

10/09/2018 NO EVIDENCE MOTION FOR SUMMARY JUDGMENT ▾

DOCS-#528783-v8-FORD_Freemen_s_Traditional_and_No-
Evidence_MSJ.pdf

>   Comment
>   Defendant's Traditional and No-Evidence Motions for Summary
>   Judgment

---

10/10/2018 CORRESPONDENCE - LETTER TO FILE ▾

DOCS-#528926-v2-
FORD_Ltr_to_Court_requesting_hearing_on_MSJ_and_Sanctions.pdf

>   Comment
>   JUDGE

---

10/11/2018 NOTICE OF HEARING / FIAT ▾

DOCS-#529080-v1-
FORD_Def__s_Notice_of_Spoliation_Motion_Hearing.pdf

>   Comment
>   SANCTIONS/SPOLIATION

---

10/11/2018 NOTICE OF HEARING / FIAT ▾

DOCS-#529076-v1-FORD_Def__s_Notice_of_MSJ_Hearing.pdf

>   Comment
>   MSJ/NO-EV/SJ

---

10/22/2018 MOTION - CONTINUANCE ▾

DOCS-#529932-v1-FREEMEN_Emergency_Motion_for_Continuance.pdf

>   Comment
>   Defendant's Emergency Unopposed Motion for Continuance

---

10/22/2018 CORRESPONDENCE - LETTER TO FILE ▾

DOCS-#529940-v1-
Ltr_to_Judge_Goldstein_Requesting_Emergency_Hearing_on_Motion_to_(

>   Comment
>   RE: Request Emergency HEARING on Unopposed Motion for
>   Continuance

---

10/22/2018 AMENDED PETITION ▾

3RD AMENDED PETITION

>   Comment
>   3RD

---

10/23/2018 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

10/23/2018 ISSUE CITATION ▾

Comment
ESERVE

10/23/2018 CITATION ISSUED ▾

DC1702179.pdf

DC1702179B.pdf

Comment
CITATION ISSUED

10/23/2018 CITATION▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
10/26/2018
Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
10/26/2018
Comment
ESERVE / MT

10/24/2018 MOTION - CONTINUANCE ▾

Agreed Motion for Continuance.pdf

Comment
AGREED

10/24/2018 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

Order Granting the Agreed Motion for Continuance.pdf

Comment
ORDER GRANTING THE AGREED MOTION FOR CONTINUANCE

10/26/2018 RETURN OF SERVICE ▾

RETURN OF SERVICE

CITATION - BANK OF AMERICA N.A.

10/26/2018 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
CITATION - PRUDENTIAL INSURANCE COMPANY OF AMERICA

10/26/2018 RESPONSE ▾

2018.10.26 Final Response to MSJ.pdf

Comment
Plaintiff's Response to Defendant's Traditional and No Evidence
Motion for Summary Judgment

10/26/2018 ORDER - GRANTING CONTINUANCE ▾

ORDER - GRANTING CONTINUANCE

10/30/2018 OBJECTION ▾

Defendant's Objections to Plaintiff's Summary Judgment Evidence.pdf

Comment
Defendant's Objections to Plaintiff's Summary Judgment Evidence

10/30/2018 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

Order Sustaining Defendant's Objections to Plaintiff's Summary Judgment
Evidence.pdf

Comment
Order Sustaining Defendant's Objections to Plaintiff's Summary
Judgment Evidence

11/02/2018 Motion - Summary Judgment ▾

DOCS-#528783-v8-FORD_Freemen_s_Traditional_and_No-
Evidence_MSJ.pdf

DOCS-#528926-v2-
FORD_Ltr_to_Court_requesting_hearing_on_MSJ_and_Sanctions.pdf

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
7:30 AM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

Comment
30 MIN SET BY MONTE HURST AT 214-922-4111 / CC.REQUESTED

11/05/2018 NOTICE OF TRIAL

NOTICE OF TRIAL

---

11/05/2018 Jury Trial - Civil ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
9:00 AM

Cancel Reason
CASE TRIAL RESET

---

05/06/2019 Jury Trial - Civil ▾

Judicial Officer
GOLDSTEIN, BONNIE LEE

Hearing Time
9:00 AM

---

05/06/2019 TRIAL SETTING (JURY)

## Financial

FORD, RODNEY

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $326.00 |
| Total Payments and Credits | | | | $326.00 |

| | | | | |
|---|---|---|---|---|
| 2/23/2017 | Transaction Assessment | | | $295.00 |
| 2/23/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 11556-2017-DCLK | FORD, RODNEY | ($295.00) |
| 5/17/2017 | Transaction Assessment | | | $15.00 |
| 5/17/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 31197-2017-DCLK | FORD, RODNEY | ($15.00) |

| | | | | Assessment | |
|---|---|---|---|---|---|
| 10/23/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 70348-2018-DCLK | FORD, RODNEY | | ($16.00) |

**FREEMEN, OTIS NORMAN**

| | | | | | |
|---|---|---|---|---|---|
| | Total Financial Assessment | | | | $386.49 |
| | Total Payments and Credits | | | | $386.49 |
| 9/28/2017 | Transaction Assessment | | | | $84.00 |
| 9/28/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 63660-2017-DCLK | FREEMEN, OTIS NORMAN | | ($84.00) |
| 9/29/2017 | Transaction Assessment | | | | $40.00 |
| 9/29/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 63848-2017-DCLK | FREEMEN, OTIS NORMAN | | ($40.00) |
| 10/18/2017 | Transaction Assessment | | | | $84.00 |
| 10/18/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 68230-2017-DCLK | FREEMEN, OTIS NORMAN | | ($84.00) |
| 10/30/2017 | Transaction Assessment | | | | $10.49 |
| 10/30/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 70966-2017-DCLK | FREEMEN, OTIS NORMAN | | ($10.49) |
| 2/13/2018 | Transaction Assessment | | | | $84.00 |
| 2/13/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 9661-2018-DCLK | FREEMEN, OTIS NORMAN | | ($84.00) |
| 4/10/2018 | Transaction Assessment | | | | $84.00 |
| 4/10/2018 | CREDIT CARD - TEXFILE (DC) | Receipt # 23109-2018-DCLK | FREEMEN, OTIS NORMAN | | ($84.00) |

**Documents**

Original Petition

Request For Service

Case Filing Cover Sheet

DC1702179 A1.pdf

OTIS

DEFENDANTS ORIGINAL ANSWER 032717.pdf

ORDER - SETTING SCHEDULING CONF

DEFENDANTS RESPONSE TO PLAINTIFFS REQUEST FOR
DISCLOSURE 042

DISMISSED FOR WANT OF PROSECUTION

2017.05.17 Motion to Reinstate.pdf

2017.05.17 Order Reinstate.pdf

2017.05.17 ClkLtr Order Reinstate.pdf

2017.05.22 Notice of Hearing.pdf

DOCS-#496938-v1-FREEMEN_Notice_of_Appearance_(MKH).pdf

NOTICE OF TRIAL

ORDER - REINSTATE (OCA and REOPEN CASE)

SCHEDULING ORDER

2017.06.21 1st Amd Petition.pdf

SIGNED APPLICATION FOR SUBPOENA.pdf

TRANS TO CLERK-JURY FEE.pdf

NOTICE OF TRIAL

CERTIFICATE OF SERVICE OF DISCOVERY 101117.pdf

RETURN OF SERVICE

FIRST AMENDED PRUDENTIAL SUBPOENA.pdf

3rd Application for Subpoena Duces Tecum 102417.pdf

Trans to Clerk-additional subpoena 102417.pdf

ISSUE SUBPOENA

RETURN OF SERVICE

2017.12.13 Ford Motion for Summary Judgment.pdf

AGREED MOTION FOR CONTINUANCE.pdf

ORDER-CONTINUANCE.pdf

ORDER - GRANTING CONTINUANCE

NOTICE OF TRIAL

2018.1.11 Notice of Hearing MSJ.pdf

DEFENDANTS MOTION FOR CONTINUANCE.pdf

ORDER ON MOTION FOR CONTINUANCE.pdf

CERTIFICATE OF CONFERENCE.pdf

DEFENDANTS MOTION FOR CONTINUANCE.pdf

DEFENDANTS RESPONSE TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT.pdf

ORDER - DENY CONTINUANCE

Application for Subpoena to Bank of America.pdf

ORDER - DENY

2ND SUBPOENA FOR BOA

SUBPOENA REQUEST

ISSUE SUBPOENA

RETURN OF SERVICE

2018.6.5 2nd Amd Petition ReqDisclosure.pdf

2nd Notice of Deposition 060718.pdf

Defendant's Response to Plaintiffs 2nd Request for Disclosure.pdf

motion for continuance.pdf

order on motion for continuance.pdf

Certificate of Conference.pdf

Notice of Hearing on Motion for Continuance 071918.pdf

DOCS-#521400-v1-FORD_Defendant_s_First_Amended_Answer.pdf

DOCS-#523499-v1-FORD_Motion_for_Spoliation_Sanctions.pdf

AMENDED NOTICE OF HEARING.pdf

NOTICE OF TRIAL

ORDER - GRANTING CONTINUANCE

SUBPOENA DUCES TECUM - BANK OF AMERICA

SUBPOENA ALIGHT SOLUTIONS AGENT FOR BANK OF AMERICA

DOCS-#528783-v8-FORD_Freemen_s_Traditional_and_No-Evidence_MSJ.pdf

DOCS-#528926-v2-FORD_Ltr_to_Court_requesting_hearing_on_MSJ_and_Sanctions.pdf

DOCS-#529080-v1-FORD_Def__s_Notice_of_Spoliation_Motion_Hearing.pdf

DOCS-#529076-v1-FORD_Def__s_Notice_of_MSJ_Hearing.pdf

DOCS-#529932-v1-FREEMEN_Emergency_Motion_for_Continuance.pdf

DOCS-#529940-v1-Ltr_to_Judge_Goldstein_Requesting_Emergency_Hearing_on_Motion_to_Col

3RD AMENDED PETITION

REQUEST FOR SERVICE

DC1702179.pdf

DC1702179B.pdf

Agreed Motion for Continuance.pdf

Order Granting the Agreed Motion for Continuance.pdf

RETURN OF SERVICE

RETURN OF SERVICE

2018.10.26 Final Response to MSJ.pdf

Defendant's Objections to Plaintiff's Summary Judgment Evidence.pdf

11/19/2018                                                                    Details

Order Sustaining Defendant's Objections to Plaintiff's Summary Judgment
Evidence.pdf

ORDER - GRANTING CONTINUANCE

NOTICE OF TRIAL

◄ | | ►

# EXHIBIT A-2

FILED
DALLAS COUNTY
2/22/2017 1:11:12 PM
FELICIA PITRE
DISTRICT CLERK
Marissa Pittman

DC-17-02179

## Cause No. _____

| | | |
|---|---|---|
| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION and
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Rodney Ford ("Ford" or "Plaintiff") and files his Original Petition and Request for Disclosure complaining of Otis Norman Freemen ("Defendant"), and would respectfully show the Court as follows:

## RULE 47

Pursuant to Texas Rule of Civil Procedure 47, Plaintiff would show that this case should proceed as a Level II. Plaintiff pleads for monetary relief of more than $200,000 but less than $1,000,000.00.

## I.
## PARTIES

1.01    Plaintiff is an individual who resides in Dallas County, Texas.

1.02    Defendant Otis Norman Freemen is an individual that may be served with process at his home at 2016 Wickersham Drive, Huntsville, Texas 77340 or any other place in the State of Texas where he may be found.

## II.
## Jurisdiction and Venue

2.01    Jurisdiction is proper in this Court as the amount in controversy is in excess

*PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE*                    1

of the minimum jurisdictional limits of this Court and within the subject matter granted.

2.02    Venue is proper in this Court because Defendant purposefully and intentionally committed torts in Dallas County, Texas, mailed the check to Plaintiff in Dallas County, all communications relating to the check occurred in Dallas County where Plaintiff was located during such communications, the check was deposited and dishonored in Dallas County, and substantial portion of the cause of action accrued or occurred in Dallas County, Texas.

### III.
### Facts Common to All Claims

3.01    Plaintiff was the common law spouse of "David" Freemen, the son of Defendant.   David Freemen died on or about October 23, 2016.   Plaintiff is the executor/independent administrator and sole beneficiary under the Last Will and Testament of David Freemen.

3.02    David Freemen was the owner of a certain Prudential policy with his employer.  Plaintiff was/is the sole beneficiary and heir under Texas law and the will of David Freeman.

3.03    Due to an error with the policy holder, the beneficiary designation could not be located at the time of David Freemen's death.  Prudential advised that the policy proceeds would be paid to the "heir" of David Freemen.  Plaintiff consulted with Defendant about the easiest manner in which the policy proceeds could be obtained (whether through probate proceeding or by agreement).

3.04    Defendant suggested that it would be easiest to avoid probate, and not pay attorneys.  Defendant suggested that Prudential pay the policy proceeds to Defendant, and that Defendant would send the money to Plaintiff.  Relying upon Defendant's assurances that this

would occur, Plaintiff completed the paperwork as suggested by Defendant. Prudential then paid the sum of $726,299.18 to Defendant.

      3.05    As per the agreement, Defendant drafted a check payable to Plaintiff in the amount of $726,299.18, which he signed. The reference used by Defendant in the check memo section is "David Freemen." Defendant mailed the check to Plaintiff in Dallas County. When Plaintiff went to deposit the check, the bank returned the same without cashing it due to insufficient funds and apparently an instruction from the Defendant to dishonor the check.

      3.6    Plaintiff made demand upon Defendant to perform under the check and otherwise make good on the agreement to pay the sum due and owing.

      3.7    Despite demand, Defendant failed and refused to perform or otherwise honor the check or pay the amounts due. All conditions precedent to recovery have occurred or been performed.

## IV.
## Cause of Action – Suit on the Instrument

      4.01    The above described conduct is incorporated by reference.

      4.02    Defendant breached his obligations under the instrument by tendering and delivering the same. The check was dishonored.

      4.03    Plaintiff sues on the instrument, the same being an unconditional promise by Defendant to pay to the order of Rodney Ford the sum of $726,299.18, and subsequent failure of such. Under the Texas Uniform Commercial Code (Texas Business & Commerce Code Chapter 4), Plaintiff is entitled to recover on the instrument and to recover any attorney fees and interest.

**V.**
**Cause of Action – Breach of Contract**

5.01    In the alternative to the foregoing, Plaintiff sues on the contract and agreement between Plaintiff and Defendant wherein Plaintiff agreed to allow Defendant to receive the policy proceeds upon the agreement of Defendant to pay the proceeds over the Plaintiff. Defendant breach his contract by failing and refusing the perform.

5.02    Plaintiff suffered damage in the amount of the check for which Defendant is liable.

**VI.**
**Cause of Action – Unjust Enrichment**

6.01    In the alternative, Defendant conceded and admitted that the policy proceeds belonged to Plaintiff. Defendant represented that he would immediately pay the policy proceeds to Plaintiff as an easy way to accomplish what David Freemen desired. Plaintiff relied upon Defendant's promises and assurances.

6.02    After Defendant obtained the money, Defendant failed to honor his promise. Defendant is estopped from denying the promise and agreement to pay to Plaintiff. Thus, Defendant has been unjustly enriched by receipt of the funds that belong to Plaintiff and that Defendant promised to pay to Plaintiff.

**Attorney Fees**

Plaintiff seeks to recover all of its attorney fees from under Chapter 38 of the Texas Civil Practice & Remedies Code.

**REQUEST FOR DISCLOSURE**

**Plaintiff requests that Defendant provide responses and information under Texas Rule of Civil Procedure 194.2(a-l) within 50 days after service of this Petition**

*PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE*                    4

**and Request for Disclosure.**

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer this lawsuit, that this matter be set for hearing, that upon hearing, the Court judgment against Defendants, jointly and/or severally as appropriate, for:

a.     all actual, consequential and incidental damages

b.     costs and attorney fees sought by Plaintiff

c.     tax all costs of court against Defendant;

d.     and grant such other and further relief, in law or in equity, to which they may show itself to be justly entitled.

Respectfully submitted,

**CLARK, MALOUF & WHITE, LLP**

By: *s/ Tom C. Clark*
    Tom C. Clark
    State Bar No. 04298750
    12222 Merit Drive, Suite 340
    Dallas, Texas 75251
    Telephone:    (214) 559-4400
    Facsimile:    (214) 559-4466
    E-mail:        tom@cmwattorneys.com

**ATTORNEYS FOR PLAINTIFF**
**RODNEY FORD**

# EXHIBIT A-3

FILED
DALLAS COUNTY
3/27/2017 1:44:46 PM
FELICIA PITRE
DISTRICT CLERK

**Cause No. DC-17-02179**

| | | |
|---|---|---|
| **RODNEY FORD,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **OTIS NORMAN FREEMEN,** | § | |
| | § | |
| **Defendant,** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

OTIS NORMAN FREEMEN, Defendant, files this original answer to Plaintiff's, RODNEY FORD, original petition. Defendant, OTIS NORMAN FREEMEN, is an individual. The last three digits of Defendant's driver's license number are xxx. The last three digits of Defendant's Social Security Number are xxx.

### General Denial

Defendant generally denies each and every, all and singular, the allegations of *Plaintiff's Original Petition* and demands strict proof thereof.

### Special Exception

Defendant specially excepts to Plaintiff's claim for recovery under Ch. 4 of the Texas Business and Commerce code, as no such recovery is available to Plaintiff as plead in Paragraph 4 of *Plaintiff's Original Petition and Request for Disclosure.*

### Affirmative Defenses

Defendant is not liable to Plaintiff for suit on an instrument as Defendant's actions were justified.

Defendant is not liable to Plaintiff for breach of contract because there did not exist a valid contract. Plaintiff offered no consideration and no performance, and there was not a mutual meeting of the minds regarding the alleged agreement. Alternatively, if a contract did exist, Defendant revoked the contract prior to any performance by Plaintiff.

Defendant is not liable to Plaintiff for unjust enrichment. Plaintiff's reliance was unreasonable and Plaintiff suffered no actual damages. Alternatively, Defendant received no additional benefit other than what he was entitled to by law.

<u>Attorneys Fees</u>

Defendant is entitled to recover attorneys fees under Texas Civil Practices and Remedies Code, Chapter 38.

<u>Rights Reserved</u>

OTIS NORMAN FREEMEN reserves the right to amend his Answer pursuant to Texas Rules of Civil Procedure.

<u>Prayer</u>

For these reasons, OTIS NORMAN FREEMEN asks the court to enter judgment that RODNEY FORD, Plaintiff, take nothing, dismiss Plaintiffs' suit with prejudice, and all costs be assessed against RODNEY FORD, Plaintiff, and OTIS NORMAN FREEMEN, Defendant, be awarded attorneys fees and all other relief to which he is entitled under law.

Respectfully Submitted,

MOAK & MOAK, P.C.

By:_____
Sam A. Moak
SBN 00798379
1315 Eleventh Street
Huntsville, Texas 77340
Tel (936) 295-6394
Fax (936) 295-3100
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of DEFENDANT'S ORIGINAL ANSWER was forwarded to opposing counsel on this 27 day of March , 2017, by placing same in the United States Mail, postage pre-paid, certified, return receipt requested and addressed as follows:

CLARK MALOUF & WHITE, LLP
Tom C. Clark
State Bar No. 04298750
12222 Merit Drive, Suite 340
Dallas, Texas 75251

_____
SAM A. MOAK

# EXHIBIT A-4



CAUSE NO. DC-( **17-02179** )

| | | |
|---|---|---|
| RODNEY FORD, | | |
| | *Plaintiff(s),* | In the District Court |
| v. | | of Dallas County, Texas |
| | | 44th Judicial District |
| OTIS NORMAN FREEMEN, | | |
| | *Defendant(s).* | |

# ORDER SETTING SCHEDULING CONFERENCE AND NOTICE OF POLICIES

In accordance with Rule 166, 190 and 192 of the Texas Rules of Civil Procedure, the parties or their attorneys are ORDERED to appear for a scheduling conference to address those matters stated in those Rules on the following date and time: <u>*May 5, 2017 @9:00 a.m.*</u>, or alternatively **dismissal for want of prosecution** for failure to comply with the Courts order for the submission and entrance of a scheduling order. *The Court prefers that counsel submit an agreed Scheduling Order in lieu of attending the scheduling conference hearing. Upon receipt of the signed order, the hearing will be canceled.*

<u>**THE PARTIES ARE ORDERED TO CONFER BEFORE THE CONFERENCE.**</u>

<u>The conference will not be required if the parties file an agreed scheduling order.</u> One of the two Modified Uniform Scheduling Orders is attached. The date by which the case will be ready for trial (the "Initial Trial Setting") as indicated in the forms must be on a Monday not a holiday, and must be in the following range: ***PLEASE USE THE ATTACHED MODIFIED UNIFORM SCHEDULING ORDER, LEVELS 1-2 or 3.***

| | | |
|---|---|---|
| Level 1 | 6-12 months | <u>from the date of initial filing of the case</u> |
| Level 2 | 12-18 months | <u>from the date of initial filing of the case</u> |
| Level 3 | 18-24 months | <u>from the date of initial filing of the case</u> |

*<u>Requests for variations from the attached forms, even if agreed, must be made at the scheduling conference. Failure to attend the scheduling conference may result in the entry of an order of dismissal for want of prosecution or other sanctions:</u>*

The parties are directed to take notice of the following court policies:

<u>Service of Papers Filed with the Court.</u> — Other than original petitions and any accompanying applications for temporary restraining order, any documents filed with the Court that relate to requests for expedited relief or to matters set for hearing within seven days of filing must be served upon all opposing parties in a manner that will ensure receipt of the papers by them on the same day the papers are filed with the Court or District Clerk.

<u>Uncontested or Agreed Matters.</u> — The Court does not require a separate motion or hearing on

agreed matters, except for continuances in cases over one year old or as otherwise provided. All uncontested or agreed matters should be presented with a proposed form of order and should reflect the agreement of all parties either (a) by personal or authorized signature on the form of order, or (b) in the certificate of conference on the motion.

Submission of Orders. — Except for proposed orders tendered at a hearing, proposed orders on contested matters should be submitted by the prevailing party after notification of the Court's ruling. Proposed orders should be tendered to the opposing party at least two working days before they are submitted to the Court. The opposing party must either approve the proposed order as to form or file objections in writing with the Court within one week of the submission of the proposed order. If an order is not approved as to form and no objections are filed within seven days of the submission of the proposed order, the Court will deem the proposed order to be approved as to form. Parties are encouraged, however, to bring a proposed order to the hearing.

Briefs. — The Court will use its best efforts to review all motions and briefs before any hearing. Except in case of emergency, any briefs relating to a motion (other than for summary judgment) that is set for hearing must be filed with the clerk of the Court no later than two working days before the scheduled hearing, or with the District Clerk no later than three working days before the scheduled hearing. Briefs in support of a motion for summary judgment must be filed with that motion; briefs in opposition to a motion for summary judgment must be filed at or before the time the response is due. Briefs not filed in accordance with this paragraph likely will not be considered.

### COURT SPECIFIC POLICIES

Telephone Hearings. — Participation in hearings by telephone is encouraged. Arrangements should be made with the Court Administrator. (For parties out of town)

Default and Minor Prove-Ups. — Unless instructed otherwise by the Court, default judgments should be made through affidavits; minor prove-ups shall be set for a hearing through the District Clerk.

Continuances. — In cases on file for more than one year, any motion requesting a continuance of trial must be signed by all parties requesting such a continuance, as well as by counsel. A single agreed continuance of 60-90 days, including extension of pretrial deadlines, will typically be granted; subsequent requests are rarely granted. Reset or continuance will not otherwise affect any of the pretrial deadlines unless specifically provided in the Order.

Alterations or Additional Deadlines Permitted. -- The forms attached must be used, but, other than paragraphs 1 or 5 and except as limited by the Rules of Civil Procedure, *different or additional deadlines* do not require an appearance at the scheduling conference and should be made through Rule 11 Agreements. SIGNED April 3, 2017.

District Judge Bonnie Lee Goldstein

# EXHIBIT A-5

FILED
DALLAS COUNTY
4/24/2017 3:10:36 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:18-cv-03095-B-BN     Document 1-2     Filed 11/20/18     Page 36 of 180     PageID 44

Cause No. DC-17-02179

| | | |
|---|---|---|
| **RODNEY FORD,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | 44TH ____ **JUDICIAL DISTRICT** |
| | § | |
| **OTIS NORMAN FREEMEN,** | § | |
| | § | |
| **Defendant,** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR DISCLOSURE

TO:   PLAINTIFF, RODNEY FORD, by and through his attorney of record, TOM C. CLARK, 12222 Merit Drive, Suite 340, Dallas, Texas 75251.

Pursuant to Rule 194 of the Texas Civil Procedure, Defendant submits his response to Plaintiff's Request for Disclosure as set forth in the following pages.

Respectfully submitted,
MOAK & MOAK, P.C.

By: _____
     SAM A. MOAK
     TBN: 00798379
     1315 Eleventh Street
     Huntsville, TX 77340
     Tel. (936) 295-6394
     Fax (936) 295-3100
     ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of DEFENDANT'S ORIGINAL ANSWER was forwarded to opposing counsel on this _24th_ day of _April_____, 2017, by placing same in the United States Mail, postage pre-paid, certified, return receipt requested and addressed as follows:

CLARK MALOUF & WHITE, LLP
Tom C. Clark
State Bar No. 04298750
12222 Merit Drive, Suite 340
Dallas, Texas 75251
Telephone:      (214) 559-4400
Facsimile:      (214) 559-4466
Email:          tom@cmwattorneys.com
ATTORNEYS FOR PLAINTIFF


_____
SAM A. MOAK

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR DISCLOSURE

1.    R.194.2(a).:

State the correct names of the parties to the lawsuit.

RESPONSE:        Rodney Ford, Plaintiff; Otis Norman Freemen, Defendant

2.    R.194.2(b).:

State the name, address, and telephone number of any potential parties.

RESPONSE:        Otis Norman Freemen, 378 Elkins Lake, Huntsville, TX 77320

3.    R.194.2(c).:

State the legal theories and, in general, the factual bases for your claims or
defenses.

RESPONSE:   Plaintiff has no express recovery under  Ch. 4 of the Texas Business and
Commerce code as plead in Paragraph 4 of *Plaintiff's Original Petition and Request for Disclosure.*
Defendant is not liable to Plaintiff for suit on an instrument as Defendant's actions were justified.
Defendant is not liable to Plaintiff for breach of contract because there did not exist a valid contract.
Plaintiff offered no consideration and no performance, and there was not a mutual meeting of the
minds regarding the alleged agreement. Alternatively, if a contract did exist, Defendant revoked the
contract prior to any performance by Plaintiff.   Defendant is not liable to Plaintiff for unjust
enrichment.   Plaintiff's reliance was unreasonable and Plaintiff suffered no actual damages.
Alternatively,  Defendant received no additional benefit other than what he was entitled to by law.

4.    R.194.2(d).:

State the amount and any method of calculating economic damages.

RESPONSE: None at this time. Defendant reserves the right to supplement after discovery period is complete.

5.     R.194.2(e).:

State the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

RESPONSE:

6.     R.194.2(f).:

For any testifying expert, state:

1.  the expert's name, address, and telephone number;

2.  the subject matter on which the expert will testify;

3.  the general substance of the expert's mental impressions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

4.  if the expert is retained by, employed by, or otherwise subject to your control:
        A)  produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
        B)  produce the expert's current resume and bibliography.

RESPONSE:  None at this time. Defendant reserves the right to supplement.

7.     R.194.2(h).:

Produce any settlement agreements as described in Rule 192.3(g).

RESPONSE:  None known at this time.  Defendant reserves the right to supplement.

8.      R.194.2(i).:

Produce any witness statements as described in Rule 192.3(h).

RESPONSE:   None. Defendant reserves the right to supplement.

Respectfully submitted,
MOAK & MOAK, P.C.

By: _____
       SAM A. MOAK
       TBN: 00798379
       1315 Eleventh Street
       Huntsville, Texas 77340
       Tel (936) 295-6394
       Fax (936) 295-3100

       ATTORNEY FOR DEFENDANT

# EXHIBIT A-6

FILED
DALLAS COUNTY
5/17/2017 9:16:28 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:18-cv-03095-B-BN    Document 1-2    Filed 11/20/18    Page 42 of 180    PageID 50

### Cause No. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 44TH JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S VERIFIED MOTON TO REINSTATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Rodney Ford and files his Motion to Reinstate and respectfully show the Court as follows:

1.      The Court set this case on the dismissal docket for May 5, 2017, unless a Scheduling Order was submitted prior to the hearing.

2.      The parties agreed to a Scheduling Order (see Exhibit 1) on April 25, 2017, well in advance of the hearing.  However, the Scheduling Order was inadvertently not filed with the Court do to accident and mistake.  Plaintiff's paralegal left the office for a family matter on April 25, 2017 prior to filing the Scheduling Order.  When Plaintiff's paralegal returned to the office, there was a miscommunication concerning the filing of the Scheduling Order. Plaintiff's paralegal filed a different scheduling order for a different case, but mistaken informed Plaintiff's counsel that it had been done in this case

3.      Believing that the Scheduling Order had been submitted, neither Plaintiff's counsel nor Defendant's counsel appeared at the dismissal hearing.  The failure to attend the hearing or to submit a signed Scheduling Order was not intentional or the result of conscious indifference.

**PLAINTIFF'S MOTION TO REINSTATE -**                                                                                    1

3.      Notice of Order of Dismissal for Want of Prosecution was received on May 11, 2017,

which is six days after the Order was signed by the Court.  This Motion is being filed as soon

thereafter as is practical.

<strong>Prayer</strong>

Plaintiff prays the Court signs an Order reinstating this case.

Respectfully submitted,

<strong>CLARK, MALOUF & WHITE, LLP</strong>

By:  *s/ Tom C. Clark*
        Tom C. Clark
        State Bar No. 04298750
        12222 Merit Drive, Suite 340
        Dallas, Texas 75251
        Telephone:    (214) 559-4400
        Facsimile:    (214) 559-4466
        E-mail:        tom@cmwattorneys.com

**ATTORNEYS FOR PLAINTIFF**
**RODNEY FORD**

<strong>CERTIFICATE OF CONFERENCE</strong>

On this 17th day of May, 2017, the undersigned certifies that he conferred with counsel for Defendant and that Defendant was opposed to the relief requested.

Certified on this 17th day of May, 2017.

By:  *s/ Tom C. Clark*

<strong>Certificate of Service</strong>

I hereby certify that on the 17th day of May 2017, a true and correct copy of the above foregoing document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure via efile on all counsel of record.

*/s/ Tom C. Clark*
Tom C. Clark

**PLAINTIFF'S MOTION TO REINSTATE -**                                                  2

## VERIFICATION/AFFIDAIVT OF TOM C. CLARK

STATE OF TEXAS                              §
                                            §
COUNTY OF DALLAS                            §

Before me, the undersigned notary, on this day personally appeared Tom C. Clark, the affiant, whose identity is known to me, and after I administered an oath, affiant testified upon his oath as follows:

"My name is Tom Clark. I am over 18 years of age, of sound mind, and capable of making this affidavit. I am the attorney for Plaintiff in this case. I have read the above Motion to Reinstate and the statements contained in it are within my personal knowledge and are true and correct. A true and correct copy of the Scheduling Order as agreed to by counsel on April 25, 2017 is attached hereto as Exhibit 1. The failure to submit the order prior to the dismissal hearing, and failure to attend the hearing were inadvertent and the result of accidental miscommunication. The failure was not intentional or the result of conscious indifference."

_____
Tom C. Clark


SUBSCRIBED AND SWORN TO BEFORE ME by the said Tom C. Clark on this 17th day of May 2017, to certify which witness my hand and official seal of office.

_____
Notary Public, in and for the
State of Texas



LESLIE COOPER
Notary ID # 6993408
My Commission Expires
July 14, 2020

**PLAINTIFF'S MOTION TO REINSTATE -**                                          **3**



NO. DC-<u>17</u> - <u>02179</u>

| | | |
|---|---|---|
| RODNEY FORD | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff(s), | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| OTIS NORMAN FREEMEN | § § § | |
| Defendant(s). | § | 44TH JUDICIAL DISTRICT |

## 44TH DISTRICT COURT UNIFORM SCHEDULING ORDER (LEVEL 1 OR 2)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.     This case will be ready and is set for trial at 9:00 a.m. on <u>February 5, 2018</u>, (the "Initial Trial Setting"). Reset or continuance of the Initial Trial Setting will not alter any deadlines established in this Order, except those set out in paragraph 7 of this Order, or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. If not reached as set, the case may be carried to the next week.

2.     Unless otherwise ordered, discovery in this case will be controlled by:

☐     Rule 190.2 (Level 1)

☑     Rule 190.3 (Level 2)

of the Texas Rules of Civil Procedure. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.     Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.     Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a motions must be heard no later than thirty (30) days before trial.



EXHIBIT

1

5.    No additional parties may be joined more than five (5) months after the filing of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.a.    ☑    The parties shall mediate this case no later than thirty (30) days before the Initial Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation.

☑    The mediator has been selected by agreement of the parties: _Ross Hostetter with Gilbert Mediation Group_ is hereby appointed mediator. Any mediator substitution requested more than 90 days after the date of this order may only be made by motion for submission to the Court for good cause and under extraordinary circumstances.

☐    The parties have conferred and are unable to agree on a mediator. Accordingly, _____ is hereby appointed mediator. Any mediator substitution requested more than 90 days after the date of this order may only be made by motion for submission to the Court for good cause and under extraordinary circumstances.

b.    ☐    One or more of the parties object to mediation of this matter. Any party seeking an order for mediation shall file an appropriate motion no later than 90 days before the Initial Trial Setting and set it for hearing no later than 60 days before the Initial Trial Setting.

7.    Fourteen (14) days before the Initial Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Rule 193.7 applies to this designation. On or before ten (10)days before the Initial Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4 pm on the Thursday before the Initial Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(I), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

- 2 -

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

SIGNED ON: _____        _____
                                                            JUDGE PRESIDING

cc: Counsel of Record/Pro Se Parties and Mediator

AGREED AND APPROVED:

_____
Plaintiff Attorney

_____
Defendant Attorney

_____          _____
Defendant Attorney                            Secondary Attorney

_____          _____
Defendant Attorney                            Secondary Attorney

# EXHIBIT A-7

Cause No. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 44TH JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

## NOTICE OF HEARING ON PLAINTIFF'S VERIFIED MOTON TO REINSTATE

Please take notice that a hearing on Plaintiff's Verified Motion to Reinstate has been set on June 20, 2017 at 9:20 a.m., in the 44th Judicial District Court, George L. Allen, Sr. Courts Building, 600 Commerce Street, 5th Floor New Tower, Dallas, Texas 75202.

Respectfully submitted,

**CLARK, MALOUF & WHITE, LLP**

By: _s/ Tom C. Clark_
   Tom C. Clark
   State Bar No. 04298750
   12222 Merit Drive, Suite 340
   Dallas, Texas 75251
   Telephone:   (214) 559-4400
   Facsimile:   (214) 559-4466
   E-mail:      tom@cmwattorneys.com

**ATTORNEYS FOR PLAINTIFF
RODNEY FORD**

### Certificate of Service

I hereby certify that on the 22nd day of May 2017, a true and correct copy of the above foregoing document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure via efile on all counsel of record.

/s/ Tom C. Clark
Tom C. Clark

# EXHIBIT A-8

FILED
DALLAS COUNTY
6/19/2017 4:25 PM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-17-02179

| | | |
|---|---|---|
| **RODNEY FORD,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **OTIS NORMAN FREEMEN,** | § | |
| | § | |
| *Defendant.* | § | **44TH JUDICIAL DISTRICT** |

## <u>NOTICE OF APPEARANCE OF LOCAL COUNSEL FOR DEFENDANT</u>

Monte K. Hurst, of the law firm HALLETT & PERRIN, P.C., hereby appears as local counsel of record for Defendant Otis Norman Freemen.  Request is made that all notices, correspondence and filings be sent to Mr. Hurst as follows:

> Monte K. Hurst
> State Bar No. 00796802
> HALLETT & PERRIN, P.C.
> 1445 Ross Avenue, Suite 2400
> Dallas, Texas 75202
> Telephone: 214.953.0053
> Telecopier: 214.922.4142
> monte.hurst@hallettperrin.com

Respectfully submitted,

**HALLETT & PERRIN, P.C.**
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:    *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

*Counsel for Defendant*
*Otis Norman Freemen*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document was served upon both other counsel of record as follows on this 19th day of June 2017, in compliance with Rule 21a(a) of the Texas Rules of Civil Procedure:

Mr. Tom C. Clark
CLARK MALOUF & WHITE, LLP
12222 Merit Drive, suite 340
Dallas, Texas 75251
Tom@cmwattorneys.com

Mr. Sam A. Moak
MOAK & MOAK, P.C.
1315 Eleventh Street
Huntsville, Texas 77340
Sam@moakandmoak.com

*Monte K. Hurst*
Monte K. Hurst

# EXHIBIT A-9

## Cause No. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 44TH JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING
## MOTON TO REINSTATE CASE ON DOCKET

On this day, the Court considered Plaintiff's Motion to Reinstate Case. After considering the same, the Court finds that the Motion to Reinstate is well-taken and should be granted.

IT IS ORDERED that the order dismissing this case is set aside and that the case is reinstated on the docket of the Court.

Signed this ___20th___ day of ___June___, 2017.

_____
JUDGE PRESIDING

# EXHIBIT A-10

NO. DC-_17_ - _02179_

| | | |
|---|---|---|
| RODNEY FORD_____, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff(s), | § | |
| | § | DALLAS COUNTY, TEXAS |
| v. | § | |
| | § | |
| OTIS NORMAN FREEMEN_ | § | |
| | § | |
| Defendant(s). | § | 44TH JUDICIAL DISTRICT |

## 44TH DISTRICT COURT UNIFORM SCHEDULING ORDER (LEVEL 1 OR 2)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.    This case will be ready and is set for trial at 9:00 a.m. on February 5, 2018____, (the "Initial Trial Setting"). Reset or continuance of the Initial Trial Setting will not alter any deadlines established in this Order, except those set out in paragraph 7 of this Order, or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. If not reached as set, the case may be carried to the next week.

2.    Unless otherwise ordered, discovery in this case will be controlled by:

☐    Rule 190.2 (Level 1)

☑    Rule 190.3 (Level 2)

of the Texas Rules of Civil Procedure. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.    Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.    Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period. Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except with leave of court, TRCP 166a motions must be heard no later than thirty (30) days before trial.

5.    No additional parties may be joined more than five (5) months after the filing of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.a.    ☑    The parties shall mediate this case no later than thirty (30) days before the Initial Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation.

☑    The mediator has been selected by agreement of the parties: Ross Hostetter with Gilbert Mediation Group  is hereby appointed mediator.   Any mediator substitution requested more than 90 days after the date of this order may only be made by motion for submission to the Court for good cause and under extraordinary circumstances.

☐    The parties have conferred and are unable to agree on a mediator. Accordingly, _____ is hereby appointed mediator.   Any mediator substitution requested more than 90 days after the date of this order may only be made by motion for submission to the Court for good cause and under extraordinary circumstances.

b.    ☐    One or more of the parties object to mediation of this matter. Any party seeking an order for mediation shall file an appropriate motion no later than 90 days before the Initial Trial Setting and set it for hearing no later than 60 days before the Initial Trial Setting.

7.    Fourteen (14) days before the Initial Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Rule 193.7 applies to this designation. On or before ten (10)days before the Initial Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4 pm on the Thursday before the Initial Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

SIGNED ON: ___6-20·17___          _____
                                  JUDGE PRESIDING

cc: Counsel of Record/Pro Se Parties and Mediator

**AGREED AND APPROVED:**

_____
Plaintiff Attorney

_____
Defendant Attorney

_____n/a_____                         _____n/a_____
Defendant Attorney                    Secondary Attorney

_____n/a_____                         _____n/a_____
Defendant Attorney                    Secondary Attorney

- 3 -

# EXHIBIT A-11

Cause No. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 44TH JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

## <u>PLAINTIFF'S FIRST AMENDED PETITION and<br>REQUEST FOR DISCLOSURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Rodney Ford ("Ford" or "Plaintiff") and files his First Amended Petition and Request for Disclosure complaining of Otis Norman Freemen ("Defendant"), and would respectfully show the Court as follows:

## <u>RULE 47</u>

Pursuant to Texas Rule of Civil Procedure 47, Plaintiff would show that this case should proceed as a Level II.  Plaintiff pleads for monetary relief of more than $200,000 but less than $1,000,000.00.

## I.<br><u>PARTIES</u>

1.01    Plaintiff is an individual who resides in Dallas County, Texas.

1.02    Defendant Otis Norman Freemen has appeared herein, and no further service is necessary.

## II.<br><u>Jurisdiction and Venue</u>

2.01    Jurisdiction is proper in this Court as the amount in controversy is in excess of the minimum jurisdictional limits of this Court and within the subject matter granted.

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**                    1

2.02    Venue is proper in this Court because Defendant purposefully and intentionally committed torts in Dallas County, Texas, mailed the check to Plaintiff in Dallas County, all communications relating to the check occurred in Dallas County where Plaintiff was located during such communications, the check was deposited and dishonored in Dallas County, and substantial portion of the cause of action accrued or occurred in Dallas County, Texas.  Finally, Defendant appeared without first contesting venue.

### III.
### Facts Common to All Claims

3.01    Plaintiff was the common law spouse of "David" Freemen, the son of Defendant.   David Freemen died on or about October 23, 2016.    Plaintiff is the executor/independent administrator and sole beneficiary under the Last Will and Testament of David Freemen.

3.02    David Freemen was the owner of a certain Prudential policy with his employer.  Plaintiff was/is the sole beneficiary and heir under Texas law and the will of David Freeman.

3.03    Due to an error with the policy holder, the beneficiary designation could not be located at the time of David Freemen's death.  Prudential advised that the policy proceeds would be paid to the "heir" of David Freemen.  Plaintiff consulted with Defendant about the easiest manner in which the policy proceeds could be obtained (whether through probate proceeding or by agreement).

3.04    Defendant suggested that it would be easiest to avoid probate, and not pay attorneys.  Defendant suggested that Prudential pay the policy proceeds to Defendant, and that Defendant would send the money to Plaintiff.  Relying upon Defendant's assurances that this would occur, Plaintiff completed the paperwork as suggested by Defendant. Plaintiff completed

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**                    2

the paperwork, and refrained from filing his own claim to the funds, as per the agreement between Plaintiff and Defendant. After Defendant signed the paperwork, Plaintiff submitted the same to Prudential, and again refrained from making a claim to the funds with Prudential per the agreement between Plaintiff and Defendant. At that point, Plaintiff had fully performed under the parties' agreement.     If Plaintiff had sought to enforce his right to seek payment from Prudential, Plaintiff would have been required to name Defendant in any such proceeding. Defendant categorically and unequivocally stated that he did not want any part of the money, and did not want to be part of any lawsuit involving Prudential. Pursuant to the agreed paperwork, Prudential paid the sum of $726,299.18 to Defendant.

3.05    As per the agreement, Defendant drafted a check payable to Plaintiff in the amount of $726,299.18, which he signed. A true and correct copy of the check (with account number redacted) is attached hereto as Exhibit 1. The reference used by Defendant in the check memo section is "David Freemen." Defendant mailed the check to Plaintiff in Dallas County. When Plaintiff went to deposit the check, the bank returned the same without cashing it due to insufficient funds and apparently an instruction from the Defendant to dishonor the check.

3.6    Plaintiff made demand upon Defendant to perform under the check and otherwise make good on the agreement to pay the sum due and owing. Despite demand, Defendant failed and refused to perform or otherwise honor the check or pay the amounts due. All conditions precedent to recovery have occurred or been performed.

### IV.
### Cause of Action – Suit on the Instrument

4.01    The above described conduct is incorporated by reference.

4.02    Defendant breached his obligations under the instrument by tendering and delivering the same. The check was dishonored.

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**                    3

4.03    Plaintiff sues on the instrument, the same being an unconditional promise by Defendant to pay to the order of Rodney Ford the sum of $726,299.18, and subsequent failure of such.  Under the Texas Uniform Commercial Code (Texas Business & Commerce Code 3.310), Plaintiff is entitled to recover on the instrument and to recover any attorney fees and interest.

## V.
## Cause of Action – Breach of Contract

5.01    In the alternative to the foregoing, Plaintiff sues on the contract and agreement between Plaintiff and Defendant wherein Plaintiff agreed to allow Defendant to receive the policy proceeds upon the agreement of Defendant to pay the proceeds over the Plaintiff.  Defendant breached his contract by failing and refusing to perform.

5.02    Plaintiff seeks specific performance.   In the alternative, Plaintiff seeks to recover damages in the amount of the check for which Defendant is liable.

## VI.
## Cause of Action – Unjust Enrichment

6.01    In the alternative, Defendant conceded and admitted that the policy proceeds belonged to Plaintiff.  Defendant represented that he would immediately pay the policy proceeds to Plaintiff as an easy way to accomplish what David Freemen desired.  Plaintiff relied upon Defendant's promises and assurances.  The principals of promissory estoppel prevent Defendant from disavowing the agreement after Plaintiff had fully performed.

6.02    After Defendant obtained the money, Defendant failed to honor his promise. Defendant is estopped from denying the promise and agreement to pay to Plaintiff.  Thus, Defendant has been unjustly enriched by receipt of the funds that belong to Plaintiff and that Defendant promised to pay to Plaintiff.

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**                    **4**

**Attorney Fees**

Plaintiff seeks to recover all of its attorney fees from under Chapter 38 of the Texas Civil Practice & Remedies Code.

**REQUEST FOR DISCLOSURE**

**Plaintiff requests that Defendant provide responses and information under Texas Rule of Civil Procedure 194.2(a-l) within 50 days after service of this Petition and Request for Disclosure.**

WHEREFORE, Plaintiff prays that this matter be set for hearing, that upon hearing, the Court judgment against Defendant for:

a.      all actual, consequential and incidental damages

b.      costs and attorney fees sought by Plaintiff

c.      tax all costs of court against Defendant;

d.      and grant such other and further relief, in law or in equity, to which they may show itself to be justly entitled.

Respectfully submitted,

**CLARK, MALOUF & WHITE, LLP**

By: *s/ Tom C. Clark*
      Tom C. Clark
      State Bar No. 04298750
      12222 Merit Drive, Suite 340
      Dallas, Texas 75251
      Telephone:    (214) 559-4400
      Facsimile:     (214) 559-4466
      E-mail:          tom@cmwattorneys.com

**ATTORNEYS FOR PLAINTIFF**
**RODNEY FORD**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June 2017, a true and correct copy of the above foregoing document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure on the following counsel:

Sam A. Moak
sam@moakandmoak.com

Monte K. Hurst
monte.hurst@hallettperrin.com

*/s/ Tom C. Clark*
Tom C. Clark





Security features exceed industry standards and include:

* Mobile Deposit Check Mark
* The Security Weave® pattern on the back
* designed to deter check fraud
* Microprint headlines printed on front and back
* The words "ORIGINAL DOCUMENT" across the back
* Padlock icon visible on front and back

Do not cash if:

* Any of the features listed above are missing
* or appear altered
* Fugitive ink on back looks pink or has disappeared
* Brown stains and colored spots appear on both a
* front and back

© Reproduces copy is a reproduction of a Check Payment Systems Association

® RESERVED FOR FINANCIAL INSTITUTION USE

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE

☐ CHECK HERE IF MOBILE DEPOSIT

X

ENDORSE HERE

# EXHIBIT A-12

FILED
DALLAS COUNTY
9/25/2017 2:33 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

**CAUSE NO. DC-17-02179**

| | | |
|---|---|---|
| **RODNEY FORD,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff(s),** | § | |
| | § | |
| **v.** | § | **OF DALLAS COUNTY, TEXAS** |
| | § | |
| **OTIS NORMAN FREEMEN,** | § | |
| **Defendant(s)** | § | **44th JUDICIAL DISTRICT** |

## APPLICATION FOR SUBPOENA DUCES TECUM

TO THE DISTRICT CLERK OF DALLAS COUNTY:

IN THE MATTER OF RODNEY FORD v. OTIS NORMAN FREEMEN, Cause No. DC-17-02179, please issue subpoenas in accordance with the law for the following named witnesses to appear before the 44th District Court of Dallas County, Dallas, Texas on the INSTANTER:

1.  Custodian of Records of the Prudential Financial, Inc., 751 Broad Street

    Newark, NJ 07102

The above named witness is requested to produce the following books, papers, documents or

tangible things as follows:

any and all records pertaining to NORMAN DAVID FREEMEN, Account Number:

87902002017754, including but not limited to, all claims, payments, and initial contracts.

Applicant prays that the said subpoena be made returnable on the INSTANTER.

Applicant prays that said witnesses deliver said requested documents to the Moak &

Moak, P.C., 1315 11th Street, Huntsville, TX 77340 on or before August 31, 2017, before 5:00

p.m.

Application for Subpoena Duces Tecum                                                                 1

Sam A. Moak
SBN 00798379
MOAK & MOAK
Attorneys at Law, P.C.
1315 11th Street
Huntsville, Texas 77340
Tel (936) 295-6394
Fax (936) 295-3100

ATTORNEY FOR DEFENDANT

# EXHIBIT A-13

FILED
DALLAS COUNTY
9/29/2017 8:11 AM
FELICIA PITRE
DISTRICT CLERK

# *MOAK & MOAK, P.C.*

**Oliver James Moak**
(1931-2014)
**Sam A. Moak***
**Angela Shimek Valis**

*ATTORNEYS AT LAW*

1315 ELEVENTH STREET
HUNTSVILLE, TEXAS 77340
TELEPHONE (936) 295-6394
FACSIMILE   (936) 295-3100

*MEMBER STATE BAR COLLEGE

September 28, 2017

Felicia Petre
Dallas County District Clerk
133 N Riverfront Blvd
Dallas, TX 75207

> RE:   RODNEY FORD VS OTIS NORMAN FREEMEN - CAUSE NO. DC-17-02179
> IN THE 44TH DISTRICT COURT OF DALLAS COUNTY, TEXAS

Dear Ms. Pitre:

Please find attached the $40.00 for the jury fee for the above mentioned matter.

Thank you,

Sam A. Moak

SAM/ss

# EXHIBIT A-14

FILED
DALLAS COUNTY
10/12/2017 1:12 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:18-cv-03095-B-BN     Document 1-2     Filed 11/20/18     Page 74 of 180     PageID 82

CAUSE NO.  DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| OTIS NORMAN FREEMEN, | § | |
| Defendant | § | 44th JUDICIAL DISTRICT |

## <u>CERTIFICATE OF SERVICE OF DISCOVERY</u>

I hereby certified that the following was served upon Plaintiff, Rodney Ford, by and through his attorney of record, Tom C. Clark, Clark, Malouf & White, LLP, 12222 Merit Drive, Suite 340, Dallas, Texas 75251, via certified mail, return receipt requested on September _27_, 2017.  I have filed this certificate only pursuant to the Texas Rules of Civil Procedure 191.4(a)(1).

*To Plaintiff, Rodney Ford*:
1. Defendant's Request for Disclosure;
2. Defendant's First Set of Interrogatories;
3. Defendant's First Request for Production; and
4. Defendant's Request for Admissions.

Respectfully submitted,

MOAK & MOAK, P.C.

By: _____

    Sam A. Moak
    SBN 00798379
    1315 Eleventh Street
    Huntsville, Texas 77340
    Tel (936) 295-6394
    Fax (936) 295-3100
    ATTORNEY FOR DEFENDANT

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

O F F I C I A L   U S E

| | |
|---|---|
| Certified Mail Fee | |
| $ | |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | |
| $ | |
| Total Postage and Fees | |
| $ | |

Postmark
Here

$8.13
9/27/17
CS

Sent To Tom C. Clark
Street and Apt. No., or PO Box No. 12222 Merit Dr. Ste 340
City, State, ZIP+4® Dallas, TX 75251

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7017 0530 0000 0360 5313

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Clark, Malouf, + White, L.L.P.
    Tom C. Clark
12222 Merit Dr. Ste. 340
Dallas, TX 75251

9590 9402 2991 7094 6828 89

2. Article Number *(Transfer from service label)*
7017 0530 0000 0360 5313

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Susan Cooper    ☐ Agent
                  ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
Leslie Cooper                       9-29-17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# EXHIBIT A-15

FILED
DALLAS COUNTY
10/12/2017 3:41 PM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

### CAUSE NO. DC-17-02179

| | | |
|---|---|---|
| **RODNEY FORD,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff(s),** | § | |
| | § | |
| **v.** | § | **OF DALLAS COUNTY, TEXAS** |
| | § | |
| **OTIS NORMAN FREEMEN,** | § | |
| **Defendant(s)** | § | **44th JUDICIAL DISTRICT** |

### FIRST AMENDED APPLICATION FOR SUBPOENA DUCES TECUM

TO THE DISTRICT CLERK OF DALLAS COUNTY:

IN THE MATTER OF RODNEY FORD v. OTIS NORMAN FREEMEN, Cause No. DC-17-02179, please issue subpoenas in accordance with the law for the following named witnesses to appear before the 44th District Court of Dallas County, Dallas, Texas on the INSTANTER:

1.    Custodian of Records of the Prudential Financial, Inc., 751 Broad Street

       Newark, NJ 07102

The above named witness is requested to produce the following books, papers, documents or

       tangible things as follows:

       any and all records pertaining to NORMAN DAVID FREEMEN, Account Number:

       87902002017754, including but not limited to, all claims, payments, and initial contracts.

       Applicant prays that the said subpoena be made returnable on the INSTANTER.

       Applicant prays that said witnesses deliver said requested documents to the Moak &

       Moak, P.C., 1315 11th Street, Huntsville, TX 77340 on or before November 17, 2017,

       before 5:00 p.m.

Application for Subpoena Duces Tecum                                                    1

Sam A. Moak
SBN 00798379
MOAK & MOAK
Attorneys at Law, P.C.
1315 11th Street
Huntsville, Texas 77340
Tel (936) 295-6394
Fax (936) 295-3100

ATTORNEY FOR DEFENDANT

# EXHIBIT A-16

FILED
DALLAS COUNTY
10/24/2017 10:32 AM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

CAUSE NO. DC-17-02179

| | | |
|---|---|---|
| **RODNEY FORD,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff(s),** | § | |
| | § | |
| **v.** | § | **OF DALLAS COUNTY, TEXAS** |
| | § | |
| **OTIS NORMAN FREEMEN,** | § | |
| **Defendant(s)** | § | **44th JUDICIAL DISTRICT** |

## APPLICATION FOR SUBPOENA DUCES TECUM

TO THE DISTRICT CLERK OF DALLAS COUNTY:

IN THE MATTER OF RODNEY FORD v. OTIS NORMAN FREEMEN, Cause No. DC-17-02179, please issue subpoenas in accordance with the law for the following named witnesses to appear before the 44th District Court of Dallas County, Dallas, Texas on the INSTANTER:

1. Custodian of Records of the Prudential Financial, Inc., 751 Broad Street Newark, NJ 07102

The above named witness is requested to produce the following books, papers, documents or tangible things as follows:

any and all records pertaining to NORMAN DAVID FREEMEN, Account Number: 87902002017754, including but not limited to, all claims, payments, and initial contracts.

Applicant prays that the said subpoena be made returnable on the INSTANTER.

Applicant prays that said witnesses deliver said requested documents to the *Moak & Moak, P.C., 1315 11th Street, Huntsville, TX 77340 on or before November 30, 2017, before 5:00 p.m.*

Sam A. Moak
SBN 00798379
MOAK & MOAK
Attorneys at Law, P.C.
1315 11th Street
Huntsville, Texas 77340
Tel (936) 295-6394
Fax (936) 295-3100

ATTORNEY FOR DEFENDANT

# EXHIBIT A-17

# *MOAK & MOAK, P.C.*

**Oliver James Moak**
(1931-2014)
**Sam A. Moak***
**Angela Shimek Valis**

*ATTORNEYS AT LAW*

1315 ELEVENTH STREET
HUNTSVILLE, TEXAS 77340
TELEPHONE (936) 295-6394
FACSIMILE (936) 295-3100

*MEMBER STATE BAR COLLEGE

October 24, 2017

Felicia Petre
Dallas County District Clerk
133 N Riverfront Blvd
Dallas, TX 75207

      RE:    RODNEY FORD VS OTIS NORMAN FREEMEN - CAUSE NO. DC-17-02179
IN THE 44TH DISTRICT COURT OF DALLAS COUNTY, TEXAS

Dear Ms. Pitre:

We are filing another request for a Subpoena Duces Tecum. We will need the subpoena issued and mailed back to my office so that we may have a Subpoena issued in New Jersey.

**Per the New Jersey Superior Court Rule 4:11-4; The subpoena must state "FOR THE ISSUANCE OF A NEW JERSEY SUBPOENA UNDER NEW JERSEY RULE 4:11-4(b)"**

Please find our fee for the subpoena and mailing fees. If there are any questions, please feel free to contact Stacy Stubblefield at 936-295-6394.

                      Thank you,

                      /s/ Sam A. Moak

                      Sam A. Moak

SAM/ss

# EXHIBIT A-18

**FORM 316 SUBPOENA DUCES TECUM (CIVIL)**

CAUSE NO. <u>DC-17-02179</u>                                                                     **MAIL ATTY**
                                    STYLE

<u>**RODNEY FORD**</u>
**VS.**
<u>**OTIS NORMAN FREEMEN**</u>

## THE STATE OF TEXAS

TO ANY SHERIFF OR CONSTABLE IN THE STATE OF TEXAS OR OTHER PERSON
AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN RULE 178,
TEXAS RULES OF COURT-----------------------------GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON
<u>**PRUDENTIAL FINANCIAL INC.**</u>
<u>**751 BROAD STREET NEWARK NJ 07102**</u>

to be and appear at 600 Commerce Street before the District Court of Dallas County **44TH**
**DISTRICT COURT** of Texas, to be held at the Courthouse, in said County, on the
**INSTANTER**, then and there to testify as a witness in behalf of the <u>**RODNEY FORD**</u> in a civil
action pending before said Court, in which **RODNEY FORD** is Plaintiff/Petitioner and <u>**OTIS**</u>
<u>**NORMAN FREEMEN**</u> is Defendant/Respondent and that said witness is to bring and produce
in said Court, at said time and place a certain
**SEE ATTACHED.**

desired as evidence in said civil action, to-wit; in a certain suit pending in said court, and there
remain from day to day and term to term, until discharged by the Court.  Failure by any person
without adequate excuse to obey a subpoena served upon that person may be deemed a contempt
of the court from which the subpoena is issued or a district court in the county in which the
subpoena is served, and may be punished by fine or confinement, or both.
HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas,
**ON THIS THE 31ST DAY OF OCTOBER, 2017.**

Issued at request of:                                ATTEST:  FELICIA PITRE
**TOM C CLARK**                                       Clerk of the District Courts
**12222 MERIT DR  STE #340**                          Dallas County, Texas
**DALLAS TX  75251**
**936-295-6394**                                      By_____, Deputy
                                                      **DENOSHA BOSTON**

**FORM 316 SUBPOENA DUCES TECUM (CIVIL)**

**OFFICER'S RETURN**
**CASE NO.  DC-17-02179**
**RODNEY FORD**
**VS.**
**OTIS NORMAN FREEMEN**

      Came to hand the _____day of_____ A.D. 20\_\_\_\_\_, at _____o'clock \_\_\_\_\_M., and executed by delivering a copy of this subpoena to the within named witness at the following time and place to-wit:

and not executed as to the witness for the following reason:

      I actually and necessarily traveled_____miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other process in this cause during the same trip.

Summoning Witness  $_____

                              _____

                              _____

Mileage             $_____    Sheriff_____County, Texas

          Total  $_____

                              By_____

                              _____Deputy

# EXHIBIT A-19

DALLAS COUNTY CONSTABLE

| FEES PAID | FEES NOT PAID |

**FORM 316 SUBPOENA DUCES TECUM (CIVIL)**

CAUSE NO. **DC-17-02179**                                          **CERT MAIL**
                    STYLE

## RODNEY FORD
## VS.
## OTIS NORMAN FREEMEN

## THE STATE OF TEXAS

TO ANY SHERIFF OR CONSTABLE IN THE STATE OF TEXAS OR OTHER PERSON
AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN RULE 178,
TEXAS RULES OF COURT----------------------------GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON
**CUSTODIAN OF RECORDS OF PRUDENTIAL FINANCIAL INC: 751 BROAD ST
NEWARK NJ 07102**

to be and appear at 600 Commerce Street before the District Court of Dallas County **44TH
DISTRICT COURT** of Texas, to be held at the Courthouse, in said County, on the
**INSTANTER**, then and there to testify as a witness in behalf of the **DEFENDANT** in a civil
action pending before said Court, in which **RODNEY FORD** is Plaintiff/Petitioner and **OTIS
NORMAN FREEMEN** is Defendant/Respondent and that said witness is to bring and produce
in said Court, at said time and place a certain
**SEE ATTACHED (FIRST AMENDED APPLICATION FOR SUBPOENA DUCES
TECUM).**

desired as evidence in said civil action, to-wit; in a certain suit pending in said court, and there
remain from day to day and term to term, until discharged by the Court.  Failure by any person
without adequate excuse to obey a subpoena served upon that person may be deemed a contempt
of the court from which the subpoena is issued or a district court in the county in which the
subpoena is served, and may be punished by fine or confinement, or both.
HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in the City of Dallas,
**ON THIS THE 20TH DAY OF OCTOBER, 2017.**

Issued at request of:                          ATTEST:  FELICIA PITRE
**SAM A MOAK**                                 Clerk of the District Courts
**1315 11TH ST**                               Dallas County, Texas
**HUNTSVILLE  TX 77340**
**936-295-6394**                               By_____, Deputy
                                                        **CARMEN MOORER**

**FORM 316 SUBPOENA DUCES TECUM (CIVIL)**

## OFFICER'S RETURN
## CASE NO. DC-17-02179
## RODNEY FORD
## VS.
## OTIS NORMAN FREEMEN

Came to hand the _20th_ day of _Oct_ A.D. 20 _17_, at _9_ o'clock _A_ M., and executed by delivering a copy of this subpoena to the within named witness at the following time and place to-wit: 751 Broad St Newark NJ 07162 at 750 AM on the 30th day Oct 2017 by deliving to Custodian of Records Prudential Financial INC by US certified Mail return reupt renewed and sgnd by Pedro a rce

and not executed as to the witness for the following reason:

I actually and necessarily traveled_____miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other process in this cause during the same trip.

Summoning Witness  $_____

Mileage          $_____      Sheriff_____County,
                                  Texas
          Total  $ 76⁰⁰            By_____

                                  _____Deputy    **FELICIA PITRE**
                                  **DISTRICT CLERK**
                                  **600 COMMERCE STREET**
                                  **DALLAS, TEXAS 75202-4606**

**UNITED STATES**
**POSTAL SERVICE**₀

Date: October 30, 2017

MAIL MAIL:

The following is in response to your October 30, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000113988819. The delivery record shows that this item was delivered on October 30, 2017 at 7:50 am in NEWARK, NJ 07102. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 92148901066154000113988819
DC17-2179 DPRO/CM
CUSTODIAN OF RECORDS
PRUDENTIAL FIANACIAL INC
751 Broad St
Newark, NJ 07102-3714

# EXHIBIT A-20

FILED
DALLAS COUNTY
12/13/2017 2:00 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:18-cv-03095-B-BN    Document 1-2    Filed 11/20/18    Page 92 of 180    PageID 100

### Cause No. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 44TH JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Rodney Ford and files his Motion for Summary Judgment and respectfully show the Court as follows:

**1.      Summary of the Motion**

This is breach of contract – in the form of a check.   Pursuant to an agreement between Plaintiff and Defendant, Defendant tendered a check to Plaintiff.    Plaintiff presented the check, and it was dishonored.  Defendant admitted that he stopped payment on the check.  Summary judgment is appropriate for breach of contract and other grounds.

The background for the check is that Plaintiff Ford was the spouse of David Freemen, and sole heir under his will.  After David Freemen died, Plaintiff made a claim under a life insurance policy.  Prudential refused to pay unless Plaintiff produced a marriage certificate (which he did not have), or was appointed Executor.  This would take time and money.

Defendant is David Freemen's father.   He agreed to sign a claim for the Policy proceeds, and then pay all proceeds to Plaintiff.  After receiving the proceeds, Defendant wrote, signed and delivered a check to Plaintiff.  But, Defendant stopped payment, and kept the money for himself.  Summary judgment is appropriate on the negotiable instrument, on the contract, and under money had and received.  All of the relevant facts are admitted or

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -**                                                    **1**

undisputed.

## II.    Undisputed Facts

2.1    Plaintiff, Rodney Ford was the common law spouse of Norman David Freemen who went by "David."  Rodney Ford and David had been life partners and spouses, and had co-habitated for 24 years.  Rodney Ford and David held themselves out to the public as spouses, including making a claim for spousal benefits upon the death of David's step-mother.[1]

2.2    David Freemen was the son of Defendant, Otis "Norman" Freemen.  David Freemen died on or about October 23, 2016. [2]

2.3    Plaintiff Rodney Ford is the executor/independent administrator and sole beneficiary under the Last Will and Testament of David Freemen as filed in PR-16-04053-1 Dallas County, Texas.[3]

2.4    David Freemen was the owner of a certain Prudential life insurance policy.[4]

2.5    After David Freemen died, Plaintiff Ford called Prudential to make a claim under the Policy.  Prudential could not locate the beneficiary designation for the insurance policy. Prudential advised Plaintiff Ford that the policy proceeds would be paid to the spouse or heir of David Freemen.  Plaintiff consulted with Defendant who did not have any knowledge of the existence of the policy.  The discussion was about the easiest manner in which the policy

---

[1] Affidavit of Rodney Ford, paragraph 2
[2] Affidavit of Rodney Ford, paragraph 3 – a redacted copy of the Death Certificate is attached as Exhibit 1 to the Affidavit.
[3] Affidavit of Rodney Ford, paragraph 4.  A true and correct copy of the Letters of Administration is attached as Exhibit 2, and a true and correct copy of the Will admitted to probate is attached as Exhibit 3.
[4] Affidavit of Rodney Ford, paragraph 5.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -**                                    **2**

proceeds could be obtained and by what proof.[5]   Defendant knew "at the time that under the Will that Rodney Ford was to received David's estate."[6]

2.6    Defendant agreed to sign a claim form, to be prepared by Plaintiff, making claim for the Policy proceeds.  Defendant further agreed that upon receipt, he would pay all of those proceeds to Plaintiff.[7]  Plaintiff Ford completed all of the paperwork, except for Defendant's personal banking information, and provided the same to Defendant.  Plaintiff then withdrew his claim for the proceeds from Prudential and refrained from filing a probate action or taking any other steps to get the money from Prudential into the estate of David Freemen.[8]

2.7    Defendant submitted the claim that had been prepared by for the Policy proceeds claiming to be the heir at law of David Freemen (even though he was not – according to the Will).[9] At the time that he filed the claim, Defendant knew that his son (David) had a will, and knew that he (Defendant) was not a beneficiary.[10] Plaintiff Ford refrained from filing his own claim to the funds as spouse or as executor, as per the agreement between Plaintiff and Defendant.[11]  When an issue about taxes arose, Plaintiff Ford told Defendant that he could keep a portion of the proceeds to cover taxes and expenses relating to taxes.[12]

---

[5] Id.
[6] See attached Deposition of Otis N. Freemen, p. 22, line 16-19.
[7] Q. "Mr. Ford told you that there was an insurance policy and said some papers need to be filled out, that you would be receiving some money and that you were to send that money to him?" A. Yes.  Q. Is that a fair characterization? A. Yes." Otis N. Freemen Depo., p. 15, line 9-15.
[8] Affidavit of Rodney Ford, paragraph 6.
[9] Otis N. Freemen never spoke to Prudential, but filed his claim as "next of kin." Otis N. Freemen Deposition, p. 21, line 21-25.
[10] Otis N. Freemen deposition, p. 22, line 1-8.
[11] Affidavit of Rodney Ford, paragraph 6.
[12] Affidavit of Rodney Ford, paragraph 7.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -**                                    **3**

2.8    Relying upon Defendant's written claim to be the heir of David Freemen, Prudential paid the sum of $726,299.18 to Defendant.[13]

2.9    Per the agreement, Defendant drafted a check payable to Plaintiff in the amount of $726,299.18, which he signed.   A true and correct copy of the check (with account number redacted) and envelope, all in Defendant's handwriting is attached as Exhibit 2 to the Deposition of Otis Norm Freemen.[14]  The reference used by Defendant in the check memo section is "David Freemen."  Per the agreement, Defendant mailed the check to Plaintiff on or about December 3, 2016.[15]

2.10    Defendant stopped payment on the check.[16]  Defendant simply decided that he "was going to keep it."[17]

2.11    Plaintiff made demand upon Defendant to perform under the check and otherwise make good on the agreement to pay the sum due and owing.[18]  Despite demand, Defendant failed and refused to perform or otherwise honor the check or pay the amounts due. Defendant has repudiated the agreement.[19]

2.12    Plaintiff Ford has been appointed Executor of the Estate of David Freemen. Pursuant to the Will, Plaintiff Ford is the sole heir.[20]

## III.    Argument and Authorities

### A.    Suit on the Instrument

---

[13] Deposition of Otis N. Freemen, p.  16, line 2-24.
[14] Deposition of Otis N. Freemen, p. 17, Deposition Exhibit 2; p. 18, line 1-23.
[15] Affidavit of Rodney Ford, paragraph 7; Deposition of Otis N. Freemen, p. 17.
[16] Deposition of Otis N. Freemen, p. 18, line 25 – p. 19, line 1.
[17] Deposition of Otis N. Freemen, p. 21, line 11-12.
[18] Affidavit of Tom Clark, paragraph 2; Exhibit 1 thereto.
[19] Deposition of Otis N. Freemen, p. 21, line 10-12.
[20] Affidavit of Rodney Ford; Exhibit 1 and 2.

Defendant breached his obligations under the instrument by: tendering and delivering a check which was dishonored or on which he stopped payment.

The check is a negotiable instrument that contains an unconditional promise by Defendant to pay to the order of Rodney Ford the sum of $726,299.18, and subsequent failure of such.  Texas Business & Commerce Code 3.310(3), provides that "… if the check or note is dishonored and the obligee of the obligation for which the instrument was taken is the person entitled to enforce the instrument, the obligee may enforce either the instrument or the obligation."  Plaintiff is the obligee on the check.  Therefore, Plaintiff is entitled to enforce the check.  Defendant has admitted signing and delivering the check.  When the signature on a check is admitted, as it is here, production of the check entitles the holder to recover on it unless the defendant establishes a defense. *RR Malone Inv. v. Hew HGE, Inc.*, 428 S.W.3d 355, 360 (Tex.App. – Houston 2014, no pet.) *see* Tex. Bus. & Com.Code Ann. § 3.308(b) (Vernon 2002).  A stop-payment order does not affect the liability of the maker of a check to its holder. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 656 (Tex.1990).

Thus, Plaintiff is entitled to recover on the instrument, and to recover any attorney fees and interest.

**B.    Breach of Contract**

The Texas Supreme has declared that a check is a contract.  *½ Priced Checks Cashed v. United Auto Assoc.*, 344 S.W.3d 378, 383 (Tex. 2011).  As the Supreme Court observed, "A negotiable instrument is 'an unconditional promise or order to pay a fixed amount of money,' TEX. BUS. & COM.CODE § 3.104(a), a definition that fits squarely within the meaning of a contract as 'a promise or a set of promises for the breach of which the law gives a

remedy, or the performance of which the law in some way recognizes as a duty,' … The drawer of a check has a clear obligation to pay the holder of a dishonored check ….” *Id.*

As to liability, the Texas Supreme Court stated, “Because the check itself is the contract, it embodies the full agreement between the parties, as manifested by the drawer's signature on the check; in signing the check, the drawer contractually obligates itself to pay the amount of the instrument to the instrument's holder.” *Id.*   Having concluded that a check is a contract, the Texas Supreme Court found that a party seeking to enforce a check is entitled to recover attorney fees under Chapter 38 as it is a breach of contract.

Defendant is estopped to claim defenses to the contract and check.  Estoppel arises where one party has been induced to change his position for the worse because of the conduct of another party. *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.,* 416 S.W.2d 396, 401 (Tex.1967). The doctrine of estoppel can be invoked where the conduct of one of the parties has been such as to induce action in reliance upon it, and where it would operate as a fraud upon the assured if they were afterwards allowed to disavow their conduct. *Id.*  In this case, Plaintiff fully performed.  In reliance upon Defendant's promise, Plaintiff refrained from making a direct claim to the policy proceeds.   Under the doctrine of estoppel, Defendant cannot avoid his obligations under the check/contract.

## C.    Assumpsit – Money Had and Received

According to legal historians, assumpsit was developed to redress circumstances involving unjust enrichment or an implied promise to pay what in good conscience defendant was bound to pay the plaintiff.  *MGS Ins. v. Chestnut,* 358 S.W.3d 808, 813 (Tex.App. – Dallas 2012 no pet.); citing *Tri–State Chem., Inc. v. Western Organics, Inc.,* 83 S.W.3d 189, 193–94 (Tex.App.-Amarillo 2002, pet. denied).  Over time, assumpsit was divided into various

categories. *Id.* at 194. Money had and received is a category of general assumpsit to restore money where equity and good conscience require refund. *Amoco Prod. Co. v. Smith,* 946 S.W.2d 162, 164 (Tex.App.-El Paso 1997, no writ). "The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong. All plaintiff need show is that defendant holds money which in equity and good conscience belongs to him." *Staats v. Miller,* 150 Tex. 581, 584, 243 S.W.2d 686, 687–88 (1951) (quoting 58 C.J.S., Money Received § 4a). A cause of action for money had and received is "less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money which ... belongs to the plaintiff." *Id.* (quoting *United States v. Jefferson Elec. Mfg. Co.,* 291 U.S. 386, 402–03, 54 S.Ct. 443, 78 L.Ed. 859 (1934)).

A cause of action for money had and received is not premised on wrongdoing, but "looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another." *Amoco,* 946 S.W.2d at 164. Such an action may be maintained to prevent unjust enrichment when a party obtains money which in equity and good conscience belongs to another. *Everett v. TK–Taito, L.L.C.,* 178 S.W.3d 844, 860 (Tex.App.-Fort Worth 2005, no pet.); *J.C. Penney Co., Inc. v. Pitts,* 139 S.W.3d 455, 457 n. 4 (Tex.App.-Corpus Christi 2004, no pet.) (citing *Staats,* 243 S.W.2d at 687). In short, it is an equitable doctrine applied to prevent unjust enrichment. *Everett,* 178 S.W.3d at 860; *Hunt v. Baldwin,* 68 S.W.3d 117, 132 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

To prove a claim for money had and received, a plaintiff must show that a defendant holds money which in equity and good conscience belongs to him. *Edwards v. Mid–Continent Office Distrib., L.P.,* 252 S.W.3d 833, 837 (Tex.App.-Dallas 2008, pet. denied). Recovery under

assumpsit for money had and received does not "depend on the parties' agreement or intent but rather the law's presumption of a promise of compensation if one receiving another's money would thereby be unjustly enriched." *Amoco,* 946 S.W.2d at 164.

In this case, the money from the insurance policy would never be payable to Defendant. Plaintiff was the sole heir under the Will, the spouse of the deceased, and the only person entitled to collect the policy proceeds under Texas law. Under Texas law, where there is no beneficiary designation, or the beneficiary designation fails, the proceeds are payable to the estate of the insured.[21] Thus, Defendant's keeping Plaintiff's money would unjustly enrich the Defendant if he were allowed to keep it. Thus, under Texas law, judgment is appropriate for Plaintiff.

### D.    Attorney Fees

Plaintiff is entitled to recover all of its attorney fees from under Chapter 38 of the Texas Civil Practice & Remedies Code in the amount of $6500 through summary judgment, plus conditional amounts for appeal of $10,000 in the Court of Appeals, $5500 for petition to the Texas Supreme Court, plus $7500 if Petition is granted by the Texas Supreme Court. See affidavit of Tom Clark, attached.

**WHEREFORE** premises considered, Plaintiff prays that this motion be set for hearing, that upon hearing, the Court enter judgment in favor of Plaintiff for the relief sought herein, plus attorney fees and pre-judgment interest, and such other and further relief to which Plaintiff may show himself to be justly entitled.

---

[21] See 9.301 Texas Family Code; 1103.152(b) Texas Insurance Code

Respectfully submitted,

**CLARK, MALOUF & WHITE, LLP**

By:  *s/ Tom C. Clark*
          Tom C. Clark
          State Bar No. 04298750
          12222 Merit Drive, Suite 340
          Dallas, Texas 75251
          Telephone:    (214) 559-4400
          Facsimile:     (214) 559-4466
          E-mail:        tom@cmwattorneys.com

**ATTORNEYS FOR PLAINTIFF**
**RODNEY FORD**

### Certificate of Service

    I hereby certify that on the 13th day of December 2017, a true and correct copy of the above foregoing document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure via e-mail through the EFM.

                        */s/ Tom C. Clark*
                        Tom C. Clark

**Cause No. DC-17-02179**

| | | |
|---|---|---|
| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 44TH JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

<u>**AFFIDAVIT OF RODNEY FORD IN SUPPORT OF**</u>
<u>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**</u>

STATE OF TEXAS

COUNTY OF DALLAS

BEFORE ME, the undersigned notary, personally appeared Rodney Ford, who being known to me, and being duly sworn upon his oath, deposed and stated as follows:

1.    "My name is Rodney Ford. I am over the age of eighteen years and have never been convicted of a felony or crime involving moral turpitude, and am competent to make this affidavit. I have personal knowledge of the statements contained in this affidavit, all of which are true and correct.

2.    "I was the common law spouse of Norman David Freemen who went by "David." David and I had been life partners and had co-habitated for 24 years. We told other people that we were married, and we applied for benefits as a married couple. For example, I worked for Stewart Funeral home in 2007 – which was sense bought out by Service Corporation International d/b/a SCI. When David's step mother, Barbara, passed away in 2007, I applied for death benefits through my employer, listing Barbara as my mother-in-law. I received benefits as the son-in-law of Barbara Freemen in the form getting the casket and funeral at wholesale which was a substantial savings.

3.    David Freemen was the son of Otis "Norman" Freemen and Patricia Shaw Freemen, who was Otis Norman Freemen's spouse at the time. David Freemen died on or about October 23, 2016.    A true and correct copy of David's Death Certificate, redacted to remove sensitive information, is attached hereto as Exhibit 1.

4.    I am the executor/independent administrator and sole beneficiary under the Last Will and Testament of David Freemen. Attached hereto as Exhibit 2 is a true and correct copy of my Letters of Administration filed in PR-16-04053-1 Dallas County, Texas. A true and correct copy of the Will of David Freemen, redacted to remove sensitive information, is

attached as Exhibit 3.

5.      David Freemen was the owner of a certain Prudential life insurance policy that he had obtained through one of his prior employers (the "Prudential Policy"). After David Freemen died, I called Prudential to make a claim under the Policy. Prudential could not locate the beneficiary designation for the insurance policy. Prudential advised me if there was no beneficiary designation, that the Policy proceeds would be paid to David's spouse or, if there was no spouse, to the heirs of David Freemen.

6.      After I spoke with Prudential, I called Otis "Norm" Freemen, David's father. Norm Freemen did not know about the existence of the Policy. Norm Freemen told me that the money was mine, and he knew that David Freemen wanted me to have it. Norm Freemen also discussed the land that David wanted me to buy with the money. At the time, I knew that I was the sole beneficiary of David's will. I also knew that we were married, but that I did not have a marriage certificate to prove it.

7.      During our call, Norm Freemen suggested that he make the claim to the proceeds as David's father, and that he would simply pay over the Policy proceeds to me. I agreed to this plan and said that I would fill out all the paperwork for Norm Freemen to sign. As promised, I completed all of the paperwork required by Prudential for Norm Freemen's claim, except for Norm Freemen's personal banking information. The boxes that were checked indicated that Norm Freemen was making a claim as the next of kin and heir. I provided the packet to Norm Freemen to sign and submit. In reliance upon our agreement, I withdrew my claim with Prudential, refrained from making a claim as spouse or as sole heir under the will, and refrained from filing a probate action or taking any other steps to get the money from Prudential into the estate of David Freemen.

8.      When Norm Freemen raised an issue about taxes that might arise from getting the money from Prudential and paying it to me, I told Norm Freemen that a portion of the proceeds could be used to cover his taxes and expenses relating to taxes.

9.      On or about December 4 or 5, I received a letter from Norm Freemen. Inside was a check in the amount of $726,299.18 payable to me. A true and correct copy of the check (with account number redacted) and envelope is attached hereto as Exhibit 4.

10.      I presented the check to the bank for deposit. The check was returned to me with a notation of "stop payment" on the check. I have not received any part of the proceeds of the Policy.

11.      When it became clear that Norm Freemen was not going to honor our agreement, I hired Tom Clark and his law firm to handle the matter for me. I agreed to pay Mr. Clark a reasonable fee for his services.

        Further Affiant Sayeth Not.

2



_____
Rodney Ford

SUBSCRIBED and SWORN to before me, the undersigned notary on this the 13th day of December 2017 to which witness my hand and seal of office.



_____
Notary Public in and for the State of Texas

NOTARY PUBLIC
STATE OF TEXAS

LESLIE COOPER
Notary ID # 6993408
My Commission Expires
July 14, 2020

**Affidavit of Rodney Ford in Support of**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -**

3

**STATE OF TEXAS**

## DEPARTMENT OF STATE HEALTH SERVICES
## VITAL STATISTICS UNIT

TEXAS DEPARTMENT OF STATE HEALTH SERVICES - VITAL STATISTICS

NOV 01 2016

| STATE OF TEXAS | CERTIFICATE OF DEATH | STATE FILE NUMBER 142-16-155709 |

| 1. LEGAL NAME OF DECEASED (Include AKA's, if any) (First, Middle, Last) | (Maiden) | 2. DATE OF DEATH ACTUAL OR PRESUMED (mm-dd-yyyy) |
|---|---|---|
| NORMAN DAVID FREEMEN AKA NORMAN DAVID FREEMAN | | OCTOBER 23, 2016 |

| 3. SEX | 4. DATE OF BIRTH (mm-dd-yyyy) | 5. AGE-Last Birthday (Years) | IF UNDER 1 YR. Mo / Days | IF UNDER 1 DAY Hours / Min | 6. BIRTHPLACE (City & State or Foreign Country) |
|---|---|---|---|---|---|
| MALE | AUGUST 1, 1955 | 61 | | | FREEPORT, TX |

| 7. SOCIAL SECURITY NUMBER | 8. MARITAL STATUS AT TIME OF DEATH ☐ Married ☐ Widowed ☐ Divorced ☒ Never Married ☐ Unknown | 9. SURVIVING SPOUSE'S NAME (if wife, give name prior to first marriage) |
|---|---|---|

| 10a. RESIDENCE STREET ADDRESS | 10b. APT. NO. | 10c. CITY OR TOWN |
|---|---|---|
| 3160 ROTAN LANE | | DALLAS |

| 10d. COUNTY | 10e. STATE | 10f. ZIP CODE | 10g. INSIDE CITY LIMITS? |
|---|---|---|---|
| DALLAS | TEXAS | 75229 | ☒ Yes ☐ No |

| 11. FATHER'S NAME PRIOR TO FIRST MARRIAGE | 12. MOTHER'S NAME PRIOR TO FIRST MARRIAGE |
|---|---|
| OTIS NORMAN FREEMAN | PATRICIA LUCILLE SHAW |

13. PLACE OF DEATH (CHECK ONE ONLY)

| IF DEATH OCCURRED IN A HOSPITAL: | IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL: |
|---|---|
| ☐ Inpatient ☐ ER/Outpatient ☐ DOA | ☐ Hospice Facility ☐ Nursing Home ☒ Decedent's Home ☐ Other (Specify) |

| 14. COUNTY OF DEATH | 15. CITY/TOWN, ZIP (IF OUTSIDE CITY LIMITS, GIVE PRECINCT NO) | 16. FACILITY NAME (if not institution, give street address) |
|---|---|---|
| DALLAS | DALLAS, 75229 | 3160 ROTAN LANE |

| 17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED | 18. MAILING ADDRESS OF INFORMANT (Street and Number, City, State, Zip Code) |
|---|---|
| RODNEY FORD - AGENT | 3160 ROTAN LANE, DALLAS, TX 75229 |

| 19. METHOD OF DISPOSITION ☐ Burial ☒ Cremation ☐ Donation ☐ Entombment ☐ Removal from state ☐ Other (Specify) | 20. SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH AUDRA WEEKS ,BY ELECTRONIC SIGNATURE - 115300 | 21. ☒ Unknown Section ___ Block ___ Lot ___ Space ___ |
|---|---|---|

| 22. PLACE OF DISPOSITION (Name of cemetery, crematory, other place) | 23. LOCATION (City/Town, and State) |
|---|---|
| NORTHEAST TEXAS CREMATORY | ROCKWALL, TX |

| 24. NAME OF FUNERAL FACILITY | 25. COMPLETE ADDRESS OF FUNERAL FACILITY (Street and Number, City, State, Zip Code) |
|---|---|
| LOCALCREMATION.COM | 8499 GREENVILLE AVE. SUITE 107, DALLAS, TX 75231 |

26. CERTIFIER (Check only one)
☒ Certifying physician-To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☐ Medical Examiner/Justice of the Peace - On the basis of examination, and/or investigation, in my opinion, death occurred at the time,date and place, and due to the cause(s) and manner stated.

| 27. SIGNATURE OF CERTIFIER TAMARA MCGREGOR , BY ELECTRONIC SIGNATURE | 28. DATE CERTIFIED (mm-dd-yyyy) OCTOBER 28, 2016 | 29. LICENSE NUMBER J1544 | 30. TIME OF DEATH (Actual or presumed) 10:50 AM |
|---|---|---|---|

| 31. PRINTED NAME, ADDRESS OF CERTIFIER (Street and Number, City,State,Zip Code) | 32. TITLE OF CERTIFIER |
|---|---|
| TAMARA MCGREGOR , 5920 FOREST PARK RD, DALLAS, TX 75390-1005 | MD |

33. PART 1. ENTER THE CHAIN OF EVENTS - DISEASES, INJURIES, OR COMPLICATIONS - THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. DO NOT ABBREVIATE. ENTER ONLY ONE CAUSE ON EACH.

| | | Approximate interval Onset to death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition ------> resulting in death) | a. ENDSTAGE COMPLICATIONS OF ADVANCED NON-HODGKINS LYMPHOMA | 2 YEARS |
| | Due to (or as a consequence of): | |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated, the events resulting in death) LAST | b. | |
| | Due to (or as a consequence of): | |
| | c. | |
| | Due to (or as a consequence of): | |
| | d. | |

| PART 2. ENTER OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I. | 34. WAS AN AUTOPSY PERFORMED? ☐ Yes ☒ No |
|---|---|
| | 35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? ☐ Yes ☐ No |

| 36. MANNER OF DEATH ☒ Natural ☐ Accident ☐ Suicide ☐ Homicide ☐ Pending Investigation ☐ Could not be determined | 37. DID TOBACCO USE CONTRIBUTE TO DEATH? ☐ Yes ☐ No ☐ Probably ☒ Unknown | 38. IF FEMALE: ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to one year before death ☐ Unknown if pregnant within the past year | 39. IF TRANSPORTATION INJURY, SPECIFY: ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other (Specify) |
|---|---|---|---|

| 40a. DATE OF INJURY (mm-dd-yyyy) | 40b. TIME OF INJURY | 40c. INJURY AT WORK? ☐ Yes ☐ No | 40d. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area) |
|---|---|---|---|

| 40e. LOCATION (Street and Number, City,State,Zip Code) | 40f. COUNTY OF INJURY |
|---|---|

41. DESCRIBE HOW INJURY OCCURRED

**EXHIBIT 1**

| 42a. REGISTRAR FILE NO. | 42b. DATE RECEIVED BY LOCAL REGISTRAR | 42c. REGISTRAR |
|---|---|---|
| 0209219 | NOVEMBER 1, 2016 | REGISTRAR - CITY OF DALLAS, ELECTRONICALLY FILED |

JLF

EDR NUMBER  000001986863

This is a true and correct reproduction of the original record as recorded in this office. Issued under authority of Section 191.051, Health and Safety Code.

ISSUED    NOV 02 2016

VICTOR A. FARINELLI
ACTING STATE REGISTRAR

WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



VS-112 REV 1/2006

WARNING: The penalty for knowingly making a false statement on this form can be 2-10 years in prison and a fine up to $10,000. (Health and Safety Code, Sec. 195. 1999)

Q A 0 9 7 3 8 3 2 5



# LETTERS TESTAMENTARY
## THE STATE OF TEXAS
### PROBATE COURT

---

*CAUSE NO.* **PR-16-04053-1**
*ESTATE OF NORMAN DAVID FREEMEN*

*I,* **JOHN F. WARREN**, *County Clerk and Clerk of the County and Probate Courts, in and for said County, do hereby certify that on the* **19th day of January, 2017**

**RODNEY LYNN FORD**

*was appointed Independent Executor, without bond, of the Will and Estate of :*

**NORMAN DAVID FREEMEN, Deceased**

*and that said appointee is fully and legally authorized and empowered to act as the Independent Executor, without bond, of the Will and of the above named estate, having qualified by filing the oath on the* **19th day of January, 2017.**

*I further certify that said appointment is still in full force and effect.*
*WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE, this 19th day of January, 2017.*

**JOHN F. WARREN**, *County Clerk*
*Dallas County, Texas*

By: _____ *, Deputy*
*Cierra Barnes*

**EXHIBIT 2**

*Pr lw. 4053. 1*

2016 DEC 16 PM 1: 22

JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# LAST WILL AND TESTAMENT
## OF
## NORMAN DAVID FREEMEN

I, Norman David Freemen, a resident of Dallas, Texas declare this to be my Last Will and revoke all former Wills and Codicils.

## ARTICLE I
### Identification of Family

At the present time I am unmarried and have no children. In making this Will, I do not have in mind to provide for any children hereafter born to or adopted by me.

## ARTICLE II
### Disposition of Remains

I direct that my remains be cremated. A memorial service as detailed to Rodney and burial of my remains with my mother I authorize my Executor to carry out these directions and wishes, particularly those for the disposition of my remains.

## ARTICLE III
### Appointment of Fiduciaries

**A.    Appointment of Personal Representative.** I appoint my life-partner, Rodney Lynn Ford, as Independent Executor of my estate. No action shall be held in any court in relationship to the settlement of my estate other than the probating and recording of this Will and the return of an inventory, appraisement, and list of claims of my estate. My Independent Executor, whether original, substitute, or successor, is referred to in this instrument as my "Executor" or my "personal representative".

**B.    Bond; Court Supervision.** My Executor shall have the right to serve without bond.

## ARTICLE IV
### Specific Gifts

**A.    Gifts of Specified Items of Property.** I give all my interest in certain items of tangible personal property to the beneficiaries designated in this section as follows:

Will of Norman David Freemen          Page 1 of 6          Initials: NDF   Date: *10/13/04*

**EXHIBIT 3**

**1.** **Specific Gift One.** I give all my property and belongings to my life-partner, Rodney Lynn Ford if Rodney Lynn Ford survives me. If Rodney Lynn Ford does not survive me no property shall pass under this Article.

**B.** **Gifts of Tangible Personal Property.** If my life-partner, Rodney Lynn Ford survives me, I give to Rodney Lynn Ford all my interest in all furniture, jewelry, clothing, personal effects, furnishings, china, silver, books, paintings, pictures, tools, recreational equipment and vehicles, not otherwise disposed of under Paragraph A.1 of this Article, together with all other similar articles of tangible personal property held for personal use and enjoyment. If Rodney Lynn Ford does not survive me, those items shall be sold at public or private sale and the proceeds added to my residuary estate; however, my personal representative may donate to charity or discard the items that are of nominal value.

**C.** **Insurance.** I give to each recipient of an item of tangible personal property my interest in any insurance covering the item. My purpose in making this gift is to give each recipient the benefit of insurance coverage for which I have already paid. It is not my intention to give any recipient the proceeds of an insurance claim that exists but is unpaid at my death.

### ARTICLE V
### Disposition of Residue

**1.** **Provision for Others.** I give all of the rest and residue of my estate, wherever located (hereafter referred to in this Article as "residue"), to my life-partner, Rodney Lynn Ford. If my life-partner, Rodney Lynn Ford does not survive me then I give all of the residue to my father, Otis Norman Freemen. If I am not survived by any party named in this provision, I give the entire residue to my heirs.

### ARTICLE VI
### Alternative Methods of Distribution

**A.** **Purpose of Article.** Recognizing that under certain circumstances the terms of this Will may direct that property be distributed outright to a person who is under age twenty-one (21) or under a legal disability; I make the following provisions to facilitate the distribution of property to such persons.

**B.** **Alternative Methods.** Whenever the terms of this Will direct my personal representative (referred to in this Article as the "fiduciary") to distribute property outright to a person who is then under age twenty-one (21) or under a legal disability, the fiduciary may retain pursuant to Paragraph C. of this Article or distribute all or any portion of that property in any one or more of the following ways:

---

Will of Norman David Freemen          Page 2 of 6          Initials: NDF  Date: 10/13/04

1.  Delivery directly to the beneficiary;

2.  Delivery to the parent or stepparent of the beneficiary;

3.  Delivery to the guardian of the beneficiary's person or property;

4.  Delivery to any Custodian for the beneficiary under the Uniform Gifts to Minors Act;

5.  Delivery to any then existing trust created for the beneficiary;

6.  Deposit in a financial institution in an account established in the name of the beneficiary alone pursuant to the laws of the State of Texas;

7.  Storage of any tangible personal property in safekeeping with the costs of storage to be borne by the beneficiary; or

8.  Sale of any tangible personal property and delivery of the proceeds in any manner permitted by this Article.

Provided the fiduciary acts in good faith, upon delivery of any property in accordance with the provisions of this Article, the fiduciary shall be discharged from all responsibilities in connection with the property.

C.    **Discretionary Trust.**    Any property not distributed as provided in Paragraph B. of this Article shall be retained by the fiduciary in trust for the beneficiary on the following terms and conditions:  During any period in which the beneficiary is under a legal disability or under twenty-one (21) years of age, the fiduciary shall pay to or apply for the benefit of the beneficiary so much of the income and principal of the trust as the fiduciary, in its sole and absolute discretion, determines is advisable for the beneficiary's health, support, education and general welfare.  At such time as the beneficiary is neither under a legal disability nor under age twenty-one (21), the fiduciary shall distribute any remaining trust assets to the beneficiary.  If the beneficiary dies before all of the trust assets have been distributed, the fiduciary shall distribute any remaining trust assets to the beneficiary's estate.

## ARTICLE VII
### Administrative Provisions

A.    **Powers and Duties of Personal Representative.**    My personal representative shall have all of the powers and duties granted to or imposed upon personal representatives serving with non-intervention powers pursuant to the laws of the State of Texas.

Will of Norman David Freemen          Page 3 of 6          Initials: _NDF_   Date: _10/13/04_

**B.     Debts and Expenses.**  All expenses of administration chargeable to principal, the expenses of the disposition of my remains, and all my legitimate debts, if and when paid, shall be paid from the principal of my residuary estate.  No debt need be paid prior to its maturity in due course and except as otherwise provided in this Will no interest in any property passing under this Will need be exonerated.

**C.     Taxes.**  All estate, inheritance or other similar death taxes, together with any interest or penalties thereon, arising by reason of my death with respect to any property includable in my taxable estate, and any adjusted taxable gifts, whether passing under or outside of this Will, shall be paid from the principal of my residuary estate without reimbursement from the recipients or beneficiaries of such property, provided, however, that in the event any proceeds of insurance upon my life or any property over which I held a power of appointment are included in my estate for purposes of determining the federal estate tax liability of my estate, then the residue of my estate shall be entitled to receive from the recipients of any such proceeds or property the portion of such federal estate tax liability attributable to such proceeds or property determined in accordance with IRC §§ 2206 and 2207.

## ARTICLE VIII
## Miscellaneous

**A.     Number and Gender.**  Unless the context indicates a contrary intent, the plural and singular forms of words shall each include the other, and every noun and pronoun shall have a meaning that includes the masculine, feminine and neuter genders.

**B.     Survival.**  To "survive" me, as that term is used in this Will, a person must continue to live for thirty (30) days after my death.

**C.     Descendants.**  The "descendants" of an individual include only the following:

1.     All such individual's biological descendants, except any person not born in lawful wedlock and his descendants, unless the biological parent who would otherwise cause him or her to be a descendant has acknowledged paternity or maternity in legitimation proceedings, or in an unambiguous signed writing identifying such person by name, or by raising such person in the same household; and

2.     Persons adopted by such individual or one of his or her descendants, and their descendants.

If the parent, who would cause a person to be a descendant as defined above, is replaced in an adoption proceeding, such person shall remain a descendant unless such parent

Will of Norman David Freemen          Page 4 of 6          Initials: _____ Date: 10/13/04

voluntarily consents to the relinquishment of his or her status as parent in connection with such adoption proceedings.

    **D.**    **Heirs.**  The term "heirs" shall mean those persons entitled to inherit under the then-applicable laws of the State of Texas governing the descent of an intestate's separate estate.  They shall inherit in their statutory proportions.

    **E.**    **Exclusion of Pretermitted Heirs.**  Other than as set forth in this Will, I make no provision for any child of mine or descendant of a deceased child of mine.  I specifically make no provision for any person (whether now living or hereafter born), other than a child named or referred to in Article I or a descendant of mine as defined in this Will, who may be entitled to claim an interest in my estate under the laws of the State of Texas.

    **F.**    **Legal Disability.**  A person is under a legal disability if my personal representative determines, in good faith, that the person is incapable of managing his property or of caring for himself, or both, or is in need of protection or assistance by reason of physical injury or illness, mental illness, developmental disability, senility, alcoholism, excessive use of drugs, or other physical or mental incapacity.

    **G.**    **Title to Real Property.**  Upon my death, title to any real property passing under this Will shall vest in my personal representative in his fiduciary capacity and shall remain so vested until my personal representative distributes or sells that property, at which time title shall vest in the distributee or purchaser.

    **H.**    **Disclaimer.**  Except as may be otherwise specifically provided in this Will, in the event that any beneficiary disclaims an interest arising out of this Will or any trust created herein it is my intention that the interest disclaimed shall be distributed in the same manner and at the same time as if the disclaiming beneficiary had died immediately preceding the event pursuant to the laws of the State of Texas.

    **I.**    **Governing Law.**  The provisions of this Will shall be interpreted in accordance with and in light of the laws of the State of Texas.

    **J.**    **Corporate Successors.**  Whenever a corporation or other business entity is referred to herein, the reference shall include any successor organization.

    **K.**    **References to Statutes.**  In this Will, the abbreviation "IRC" shall refer to the Internal Revenue Code of 1986 as amended.

I have initialed and dated for identification purposes all pages of this, my Last Will, and have executed the entire instrument by signing this page on the 13 day of October, 2004, at DALLAS, Texas.

Norman David Freemen

## **Attestation and Statement of Witnesses**

Each of us declares under penalty of perjury under the laws of Texas that Norman David Freemen, the Testator, signed this instrument as his Last Will in our presence, all of us being present at the same time, and we now, at the Testator's request, in the Testator's presence, and in the presence of each other, sign below as the witnesses, declaring that the Testator appears to be of sound mind and under no duress, fraud, or undue influence.

| | |
|---|---|
| *Nalani S Keltz* | *Tena L. Bogle* |
| [Witness Signature] | [Witness Signature] |
| Nalani S. Keltz | TENA L. BOGLE |
| [Print Name] | [Print Name] |
| Residing at 721 Winifred Dr | Residing at 4110 BERMUDA Dr |
| Garland, TX 75041 | Rowlett, Tx 75088 |

Will of Norman David Freemen          Page 6 of 6          Initials: NDF    Date: 10/13/04



Norm Freemen
378 ELKINS LK
HUNTSVILLE TX 77340-7309

RODNEY FORD
3160 ROTAN
DALLAS, TX 75229

In GOD We Trust

75229-492960

**EXHIBIT 4**





**Cause No. DC-17-02179**

| RODNEY FORD | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 44TH JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

**<u>AFFIDAVIT OF TOM C. CLARK</u>**

| STATE OF TEXAS | § | |
|---|---|---|
| | § | |
| COUNTY OF DALLAS | § | |

BEFORE ME, the undersigned authority, on this day personally appeared, Tom C. Clark, who is personally known to me, and first being duly sworn according to law, upon his oath, duly deposed and said:

1. "My name is Tom C. Clark.  I am over the age of eighteen years and I have never been convicted of a felony or crime involving moral turpitude.  I am fully competent to make this affidavit.  I have personal knowledge of the statements in this affidavit, all of which are true and correct.

2. I am the manager of the general partner of the law firm of Clark, Malouf & White, LLP, located at 12222 Merit Drive, Suite 305, Dallas, Texas 75251.  I and my law firm were retained to represent Plaintiff Rodney Ford in the above entitled lawsuit.

3. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Demand Letter that I sent to counsel for Otis Norman Freemen.  Following demand, no payment was made.

FURTHER AFFIANT SAYETH NOT.

_____
Tom C. Clark

SWORN TO AND SUBSCRIBED BEFORE ME on December 13th, 2017, to certify which witness my hand and official seal.

LESLIE COOPER
Notary ID # 6993408
My Commission Expires
July 14, 2020

_____
Notary Public in and for the State of Texas

1

**Affidavit of Tom Clark in Support of**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -**



## CLARK, MALOUF & WHITE LLP

12222 Merit Dr., Ste. #340
Dallas, Texas 75251

**Tom Clark**                    (214) 559-4400                    **Direct:**
tom@cmwattorneys.com             (214) 559-4466 fax               (214) 559-4411

November 17, 2017

Sam A. Moak
Moak & Moak, Attorneys at Law, P.C.                 via email and regular mail
1315 11th Street
Huntsville, TX  77340

     Re:    Rodney Ford v. Otis Norman Freemen; DC 17-02179
            44th Judicial District Court – Dallas County, Texas
            Formal Demand for Payment

Sam:

       Formal demand is hereby made for your client to pay to my client the sum of $726,299.18 plus pre-judgment interest at the rate of 6% per annum from December 8, 2016 to the time of payment.  Payment must be made within 30 days.

       Based upon the deposition yesterday, it is clear that your client has no entitlement to keep the money.  If the agreement is not enforced between Ford and your client, then the claim falls to the executor to pursue on behalf of the estate.  Either way, your client is going to lose his claim.

       It is equally clear that your client has fraudulently transferred the money, and comingled it with his current and former spouse's property.  Obviously, my client will continue to pursue the money wherever it went.

       My client would entertain a payout over time, as long as the same is fully secured by real property assets.

                         Sincerely,

                         Tom Clark

## EXHIBIT 1

OTIS N. FREEMEN - November 16, 2017

CAUSE NO. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| OTIS NORMAN FREEMEN, | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

------------------------------------

ORAL DEPOSITION OF

OTIS N. FREEMEN

NOVEMBER 16, 2017

------------------------------------

ORAL DEPOSITION OF OTIS N. FREEMEN, produced as a
witness at the instance of the PLAINTIFF, and duly
sworn, was taken in the above-styled and -numbered cause
on November 16, 2017, from 12:46 p.m. to 1:23 p.m.,
before Judy Gamm, Certified Shorthand Reporter in and
for the State of Texas, reported by machine shorthand,
at the law offices of Hallett & Perrin, P.C., 1445 Ross
Avenue, Suite 2400, Dallas, Texas 75202, pursuant to the
Texas Rules of Civil Procedure and the provisions stated
on the record or attached hereto.

OTIS N. FREEMEN - November 16, 2017

```
 1                  A P P E A R A N C E S

 2   FOR THE PLAINTIFF, RODNEY FORD:

 3         MR. THOMAS C. CLARK
           CLARK, MALOUF & WHITE, LLP
 4         12222 Merit Drive
           Suite 340
 5         Dallas, Texas  75251
           Phone:  214.559-4411
 6         Fax:     214.559.4466
           E-mail:  tom@cmwattorneys.com
 7

 8   FOR THE DEFENDANT, OTIS NORMAN FREEMEN:

 9         MR. SAM A. MOAK
           MOAK & MOAK, P.C.
10         1315 Eleventh Street
           Huntsville, Texas   77340
11         Phone:   936.295.6394
           Fax:     936.295.3100
12         E-mail:  sam@moakandmoak.com

13
     ALSO PRESENT:
14
           Mr. Rodney Ford, the Plaintiff
15

16

17

18

19

20

21

22

23

24

25
```

OTIS N. FREEMEN - November 16, 2017

1     Q.   Which was what?

2     A.   To send him the money.

3     Q.   Okay.  Well, that wasn't in your statement a

4  minute ago.  You said that he asked you to fill out some

5  paperwork, and you said, Send me the papers.  Now -- so

6  then you just added something about send me the money.

7          So tell me more about this conversation.

8     A.   That's about all I remember.

9     Q.   Okay.  So he -- Mr. Ford told you that there

10 was an insurance policy and said some papers needed to

11 be filled out, that you would be receiving some money

12 and that you were to send that money to him?

13    A.   Yes.

14    Q.   Is that a fair characterization?

15    A.   Yes.

16    Q.   And you agreed to do that?

17    A.   I don't know that I agreed to.  I did it

18 because he asked me to.

19               (EXHIBIT 1 MARKED.)

20    Q.   (BY MR. CLARK)  Let me hand you what's been

21 marked as Exhibit Number 1.  I'm going to put these two

22 together.  And I'll ask you if you recognize that

23 document.

24    A.   Yes, I do.

25    Q.   Okay.  Would you tell me what that document

OTIS N. FREEMEN - November 16, 2017

```
1    is?
2         A.   It's a document from Prudential for a claim
3    settlement.
4         Q.   And this was addressed to you?
5         A.   Yes, it is.
6         Q.   And it enclosed a check for $726,299.18?
7         A.   Yes.
8         Q.   And then whose handwriting is that down at the
9    bottom?
10        A.   Mine.
11        Q.   And it says, "Rodney, please call and let me
12   know when you get this.  Thanks.  Love Norm."
13             Did I read that correctly?
14        A.   Yes.
15        Q.   Why were you sending this to Mr. Ford?
16        A.   Because he asked me to.
17        Q.   And what were you wanting him to call you
18   about?
19        A.   When he received the check.  When I send
20   $700,000 through the mail, I want to know it got there.
21        Q.   Okay.  Well, this is a -- this is a letter to
22   you.  Are you saying that you then took this letter, put
23   another check with it, and sent that to Mr. Ford?
24        A.   Correct.
25        Q.   Okay.
```

CRC for JUDY GAMM & ASSOCIATES
(214) 954-0352

OTIS N. FREEMEN - November 16, 2017

```
 1              (EXHIBIT 2 MARKED.)
 2       Q.   (BY MR. CLARK)  Let me hand you what I've
 3   collectively marked as Exhibit 2 -- you can put that
 4   document aside -- and I'll ask you if you recognize that
 5   document.
 6       A.   It's the envelope that I sent him the check in.
 7       Q.   Whose handwriting is that on the front of the
 8   envelope?
 9       A.   Mine.
10       Q.   You addressed it to Mr. Ford?
11       A.   Yes.
12       Q.   On or about -- looks like the postage stamp --
13   postal cancel mark on there is December 6th.  Do you see
14   that?
15       A.   Right.
16       Q.   So that would have been about the date that you
17   mailed the letter?
18       A.   Yes.
19       Q.   If you'll look at the check, it's written on an
20   Alliance account?
21       A.   Yes.
22       Q.   And that Alliance account was set up with
23   Prudential in order to pay the money, correct?
24       A.   Correct.
25       Q.   And then you were writing the money out of that
```

OTIS N. FREEMEN - November 16, 2017

1    account, and it was for 726 dollars, two hundred --
2    $726,299.18, correct?
3        A.   Correct.
4        Q.   And it says on there -- is that your
5    handwriting all over that check?
6        A.   Yes, it is.
7        Q.   Is any part of that check handwriting not your
8    handwriting?
9        A.   No.
10       Q.   Okay.   Why were you sending this to Mr. Ford?
11       A.   Because he asked me to.
12       Q.   Okay.
13       A.   I thought I was supposed to.
14       Q.   Why did you think you were supposed to?
15       A.   Because he asked me to.   Said it was his.
16       Q.   Okay.   And then you wrote in the "for" David
17   Freemen.   Do you see that?
18       A.   Yes.
19       Q.   Why did you write that?
20       A.   Because it would identify the check as David's.
21       Q.   Okay.   And is that your signature on the check
22   on Exhibit Number 2?
23       A.   Correct.
24       Q.   Did you at some point stop payment on that
25   check?

OTIS N. FREEMEN - November 16, 2017

1      A.  Yes, I did.

2      Q.  Why?

3      A.  Because I was -- I checked with my accountant

4  and my lawyer, and they advised me that I might have to

5  pay a substantial tax that I was not prepared to pay.

6      Q.  Who is your accountant?

7      A.  Kathy Shaw.

8      Q.  And where is she?

9      A.  Freeport, Texas.

10     Q.  And who was the attorney you contacted?

11     A.  Wallace Shaw.

12     Q.  And are they related?

13     A.  Married.

14     Q.  And what did Mrs. Shaw -- what information did

15  you tell her, and what advice did she give you?

16     A.  I told her that I had received this check and

17  what the amount of the check was, and she advised me

18  that if I did that, it might cost me a tremendous amount

19  of money in taxes.

20     Q.  How much?

21     A.  She said it could be up to 15 -- from 15,000 to

22  200,000.

23     Q.  Did she say why it might cost you that?  Did

24  she give you any tax reasons?

25     A.  Because you can only give away so much money at

OTIS N. FREEMEN - November 16, 2017

```
 1        Q.  What did you tell him?
 2        A.  I told him there were some tax questions that
 3   needed to be answered before it would be valid.
 4        Q.  Okay.  Did you ever tell him that you answered
 5   those tax questions?
 6        A.  Yes, I did.
 7        Q.  And when did you tell him that?
 8        A.  It was sometime in January.
 9        Q.  What did you tell him?
10        A.  Told him that I had resolved the situation and
11   determined that the check was meant for me and I was
12   going to keep it.
13        Q.  And how did you determine the check was meant
14   for you?
15        A.  I was named the beneficiary.  I am David's
16   beneficiary.
17        Q.  Under what document are you David's
18   beneficiary?
19        A.  Prudential Insurance thought so.
20        Q.  So when did you speak with Prudential?
21        A.  I don't know that I ever spoke to Prudential.
22   I think they sent me a letter stating that I was the
23   beneficiary.
24        Q.  The beneficiary or the next of kin?
25        A.  Next of kin.  He had no beneficiary.
```

CRC for JUDY GAMM & ASSOCIATES
(214) 954-0352

OTIS N. FREEMEN - November 16, 2017

```
 1        Q.  Were you aware that David had a will?

 2        A.  Yes.

 3        Q.  Were you aware of the will that was executed in

 4   2000 and -- I believe it's '3 -- '4 -- sorry -- 2004?

 5        A.  Yes.

 6        Q.  Did you know that you were not the beneficiary

 7   under the will?

 8        A.  Yes.

 9        Q.  Then what made you think that you were his next

10   of kin?

11        A.  I'm his father.

12        Q.  Did you visit with your brother-in-law about

13   whether -- what it meant to be the next of kin when

14   there's a will?

15        A.  No.

16        Q.  Did you know that -- did you know at the time

17   that under the will that Rodney Ford was to receive

18   David's estate?

19        A.  Yes.

20        Q.  Did you ever discuss with Mr. Ford the contents

21   of the will?

22        A.  No.

23                 (EXHIBIT 3 MARKED.)

24        Q.  (BY MR. CLARK)  Let me hand you what's been

25   marked as Deposition Exhibit Number 3.  I'll ask if you
```

**OTIS N. FREEMEN - November 16, 2017**

```
 1          I, OTIS N. FREEMEN, have read the foregoing

 2    deposition and hereby affix my signature that same is

 3    true and correct, except as noted above.

 4

 5

 6                           _____
                             OTIS N. FREEMEN

 7

 8    THE STATE OF _____)

 9    COUNTY OF _____)

10

11        Before me, _____, on this day

12    personally appeared OTIS N. FREEMEN, known to me (or

13    proved to me under oath or through

14    _____) (description of identity

15    card or other document)) to be the person whose name is

16    subscribed to the foregoing instrument and acknowledged

17    to me that they executed the same for the purposes and

18    consideration therein expressed.

19        Given under my hand and seal of office this

20    _____ day of _____, _____.

21

22

23                           _____
                             NOTARY PUBLIC IN AND FOR
24                           THE STATE OF _____
                             COMMISSION EXPIRES: _____
25
```

```
  1                CAUSE NO. DC-17-02179

  2   RODNEY FORD,              §    IN THE DISTRICT COURT
                                §
  3        Plaintiff,           §
                                §
  4   v.                        §    DALLAS COUNTY, TEXAS
                                §
  5   OTIS NORMAN FREEMEN,      §
                                §
  6        Defendant            §    44th JUDICIAL DISTRICT

  7

  8              REPORTER'S CERTIFICATION
               DEPOSITION OF OTIS N. FREEMEN
  9                 NOVEMBER 16, 2017

 10

 11        I, Judy Gamm, Certified Shorthand Reporter in and

 12   for the State of Texas, hereby certify to the following:

 13        That the witness, OTIS N. FREEMEN, was duly sworn

 14   by the officer and that the transcript of the oral

 15   deposition is a true record of the testimony given by

 16   the witness;

 17        That the deposition transcript was submitted on

 18   _____ to the witness or to the attorney

 19   for the witness for examination, signature and returned

 20   to me by _____;

 21        That the amount of time used by each party at the

 22   deposition is as follows:

 23        MR. THOMAS C. CLARK.........00 HOURS:36 MINUTES
          MR. SAM A. MOAK............00 HOURS:00 MINUTES
 24

 25        That pursuant to information given to the
```

OTIS N. FREEMEN - November 16, 2017

1    deposition officer at the time said testimony was taken,

2    the following includes counsel for all parties of

3    record:

4         MR. THOMAS C. CLARK, Attorney for Plaintiff,
                  RODNEY FORD

5         MR. SAM A. MOAK, Attorney for Defendant,
6                  OTIS NORMAN FREEMEN

7

8         I further certify that I am neither counsel for,

9    related to, nor employed by any of the parties or

10   attorneys in the action in which this proceeding was

11   taken, and further that I am not financially or

12   otherwise interested in the outcome of the action.

13        Further certification requirements pursuant to

14   Rule 203 of TRCP will be certified to after they have

15   occurred.

16        Certified to by me this 11th day of December, 2017.

17

18

19

20
     _____
21   Judy Gamm, Texas CSR 9200
     Expiration Date:  12/31/2018
     Firm Registration No. 345
22   CRC for Judy Gamm & Associates
     3131 McKinney Avenue, Suite 300
23   Dallas, Texas  75204
     Office:  214.954.0352
24   Direct:  972.765.4840

25

**CRC for JUDY GAMM & ASSOCIATES**
**(214) 954-0352**



*Norm Freemen*
378 ELKINS LK
HUNTSVILLE TX 77340-7309

RODNEY FORD
3160 ROTAN
DALLAS, TX 75229

In GOD We Trust

75229-492960



EXHIBIT
2





# EXHIBIT A-21

FILED
DALLAS COUNTY
12/19/2017 2:23 PM
FELICIA PITRE
DISTRICT CLERK

Cause No. DC-17-02179

| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 44TH JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

## JOINT AGREED MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE BONNIE LEE GOLDSTEIN:

COME NOW, Plaintiff and Defendant, and move the Court to continue this case from its current trial setting, and in support of the same, would respectfully show the following:

1.   This case is set for trial on the jury docket on February 5, 2018.

2.   This is the first trial setting for this case.

3.   The parties attended mediation recently.  During mediation, the parties discussed certain documents that are in the hands of third parties that should be obtained prior to trial.  The documents are in New Jersey and North Carolina, and thus far have proven difficult to get.

4.   The parties also discussed adding a new defendant or third-party defendant.

5.   The parties are cooperating with each other in the discovery process, and through no fault of any party, the foregoing has not been accomplished.  The parties jointly request that the case be continued for at least 6 months to allow for the foregoing.

6.   This continuance is not sought for delay, but that justice may be done.

WHEREFORE, PREMISES CONSIDERED, the Parties ask that the Court grant this Agreed Motion without a full hearing, and for such other and further relief, both general and special, at law or in equity, to which they may be justly entitled.

**AGREED MOTION FOR CONTINUANCE -**                                                     **1**

Respectfully submitted,

**CLARK, MALOUF & WHITE, LLP**

By:  *s/ Tom C. Clark* _____
Tom C. Clark
State Bar No. 04298750
12222 Merit Drive, Suite 340
Dallas, Texas 75251
Telephone:    (214) 559-4400
Facsimile:    (214) 559-4466
E-mail:        tom@cmwattorneys.com

**ATTORNEYS FOR PLAINTIFF**
**RODNEY FORD**

**AGREED TO BY:**

_____
Sam A. Moak
Moak & Moak, P.C.
1315 11th Street
Huntsville, Texas 77340
936-295-6394
936-295-3100 - fax
sam@moakandmoak.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the *19th* day of December 2017, a true and correct copy of the above foregoing document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure via e-mail through the EFM.

*/s/ Tom C. Clark* _____
Tom C. Clark

**AGREED MOTION FOR CONTINUANCE -**                                    **2**

# EXHIBIT A-22

Cause No. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 44ᵀᴴ JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING JOINT AGREED
## MOTION FOR CONTINUNCE

On this day, came on for consideration the Joint Agreed Motion for Continuance of the Parties. The Court, having considered the same, Grants the motion. It is

ORDERED that this case be removed from the February 5, 2018 jury trial docket.

The case is re-set for jury trial on the 13 day of August 2018.

Signed this 20ᵗʰ day of December 2017.

_____
JUDGE PRESIDING

AGREED TO BY:

By: _____
Tom Clark
Attorney for Plaintiff

By: _____
Sam Moak
Attorney for Defendant

Agreed Order for Continuance                    - Page 1

# EXHIBIT A-23

## Cause No. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 44TH JUDICIAL DISTRICT |
| OTIS NORMAN FREEMEN | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

## NOTICE OF HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Rodney Ford and files his Notice that the Court has set Plaintiff's Motion for Summary Judgment for a hearing on **February 14, 2018 at 9:00 a.m., in the 44th Judicial District Court in Dallas County, Texas.**

Respectfully submitted,

**CLARK, MALOUF & WHITE, LLP**

By:  *s/ Tom C. Clark*
Tom C. Clark
State Bar No. 04298750
12222 Merit Drive, Suite 340
Dallas, Texas 75251
Telephone:    (214) 559-4400
Facsimile:    (214) 559-4466
E-mail:        tom@cmwattorneys.com

**ATTORNEYS FOR PLAINTIFF
RODNEY FORD**

**NOTICE OF HEARING - 1**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of January 2018, a true and correct copy of the above foregoing document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure via e-mail through the EFM.

Sam A. Moak
sam@moakandmoak.com

Monte K. Hurst
monte.hurst@hallettperrin.com

*/s/ Tom C. Clark*
Tom C. Clark

# EXHIBIT A-24

FILED
DALLAS COUNTY
2/6/2018 12:17 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO.  DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| OTIS NORMAN FREEMEN, | § | |
| Defendant | § | 44th JUDICIAL DISTRICT |

## CERTIFICATE OF CONFERENCE

I certify that counsel for plaintiff and counsel for defendant have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this motion and despite best efforts the Plaintiff's counsel was unwilling to forego the hearing, even though the parties agree that further discovery in this case is necessary.

Certified to this day _6_ of _February_, 2018.

_____
SAM A. MOAK

# EXHIBIT A-25

FILED
DALLAS COUNTY
2/6/2018 12:17 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO.  DC-17-02179

| | | |
|---|---|---|
| **RODNEY FORD,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **OF DALLAS COUNTY, TEXAS** |
| | § | |
| **OTIS NORMAN FREEMEN,** | § | |
| **Defendant** | § | **44th JUDICIAL DISTRICT** |

## DEFENDANT'S MOTION FOR CONTINUANCE
## ON SUMMARY- JUDGMENT HEARING

Defendant, Otis Norman Freemen, asks the Court to continue the hearing on Plaintiff, Rodney Ford's Motion for Summary Judgment because Plaintiff and Defendant filed an Agreed Motion for Continuance to bring in a necessary 3rd party Defendant, Mr. Norman David Freemen's former employer, Bank of America, formally MBNA America Bank.  Additional time is needed to serve discovery on Bank of America, formally MBNA America Bank and provide adequate time for discovery to be answered. While Mr. Freemen believes that summary judgment in Rodney Ford's favor would be inappropriate at any time, it would be premature to the Court and patently unfair to Mr. Freeman for this case to proceed to hearing on Mr. Ford's motion for summary judgment in light of the important discovery that must be conducted.

## INTRODUCTION

1.      Plaintiff, Rodney Ford sued defendant, Otis Norman Freemen, for Suit on the Instrument, Breach of Contract , and Unjust Enrichment.

2.      The central element of this case involves the absence of a named beneficiary on Decedent Norman David Freemen's insurance policy with Prudential which he had through his formal employer, Bank of American, formally MBNA America Bank.

3.      Service has not been made on Bank of America, formally MBNA America Bank and it is counter- productive to have a Motion for Summary Judgment Hearing without first completing discovery on Bank of America, formally MBNA America Bank.

Defendant's Motion for Continuance on Summary-Judgment Hearing

1

## BACKGROUND

4.      On December 13, 2017, Plaintiff, Rodney Ford filed the Motion for Summary Judgment.

5.      The Motion for Summary Judgment Hearing is set for February 14, 2018.

6.      Defendant attaches Joint Agreed Motion for Continuance filed December 19, 2017 as Exhibits A in support of the facts stated in this motion and incorporates the evidence into this motion by reference.

## CONTINUANCE TO OBTAIN ADDITIONAL DISCOVERY

7.      Under Texas Rule of Civil Procedure 166a(g), a court can grant a continuance of a summary-judgment hearing if the party opposing summary judgment can establish by affidavit or verified motion that it has not had an adequate time for discovery. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). To seek a continuance under Rule 166a(g), the affidavit or verified motion must identify the evidence sought, explain why it is material, and state with particularity the diligence used to obtain the evidence. *West v. SMG*, 318 S.W.3d 430, 443 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Rocha v. Faltys*, 69 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.); *Dozier v. AMR Corp.*, No. 02-09-186-CV (Tex. App.—Fort Worth 2010, no pet.) (memo op.; 8-5-10); *In re Estate of Mask*, No. 04-07-00667-CV (Tex. App.—San Antonio 2008, pet. denied) (memo op.; 10-15-08). If the basis for continuance is the need to take additional depositions, the affidavit or verified motion must also meet the additional requirements of Texas Rule of Civil Procedure 252. *Tri-Steel Structures, Inc. v. Baptist Found.*, 166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied); *Gundermann v. Buehring*, No. 13-05-278-CV (Tex. App.—Corpus Christi 2006, pet. denied) (memo op.; 2-2-06). To meet the additional requirements of Rule 252, the affidavit or verified motion must (1) explain the reasons for not obtaining the discovery earlier, if known, and (2) show that the discovery cannot be obtained from any other source if the party had previously applied for a continuance. Tex. R. Civ. P. 252; *see Mulcahy v. Wal-Mart Stores, Inc.*, No. 02-10-00074-CV (Tex. App.—Fort Worth 2010, no pet.) (memo op.; 12-16-10); *Gundermann*, No. 13-05-278-CV (memo op.).

8.      If the affidavit or verified motion meets the requirements for a continuance, the court should consider the following nonexclusive factors in deciding whether to grant the motion:

Defendant's Motion for Continuance on Summary-Judgment Hearing

2

(1) the materiality and the purpose of the discovery sought, (2) whether the party exercised due diligence, and (3) the length of time the case has been on file. West, 318 S.W.3d at 443; see Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004).

## EVIDENCE SOUGHT

9.    Plaintiff and Defendant need additional time to obtain the following evidence:

a.    Any and all documents held by Norman David Freemen's former employer Bank of America, formally MBNA America Bank, that pertain to the certain Prudential Insurance Policy.

b.    Any and all documents held by Bank of America, formally MBNA America Bank or Prudential Insurance Company that pertain to the certain Prudential Insurance Policy.

## EVIDENCE IS MATERIAL TO OPPOSITION

10.    The evidence is material to Defendant's opposition to Plaintiff's Motion for Summary Judgment.

## DEFENDANT HAS EXERCISED DILIGENCE IN ATTEMPTING TO OBTAIN THE EVIDENCE

11.    Defendant has been unable to obtain this evidence earlier even though he diligently used the discovery process. On September 25, 2017 an Application for Subpoena Duces Tecum was filed with the Dallas County Court for records from Prudential. Subpoena was requested to be certified mailed to Prudential in New Jersey. Due to an error in the first Subpoena, a Second Application for Subpoena Duces Tecum was submitted on October 12, 2017 and was requested to be certified mailed. On October 16, 2017 we received notice that Prudential was procedurally and substantively deficient. The New Jersey Court Rule requires a subpoena to be served in person. On October 24, 2017 the third Application for Subpoena Duces Tecum with a letter to the clerk for instruction for the original to be mailed to us, was filed with the Dallas County

Defendant's Motion for Continuance on Summary-Judgment Hearing

District Clerk.   Due to an error with the Clerk's office our subpoena was mailed to the opposing attorney's office and we never received the requested subpoena.

## EVIDENCE CANNOT BE OBRAINED FROM ANOTHER SOURCE

12.    Defendant cannot obtain the evidence from any other source.

## THIS CASE HAS BEEN RECENTLY CONTINUED

13.    The Plaintiff and Defendant entered an Agreed Motion for Continuance on December 19, 2017.  The purpose of this continuance was to serve and bring in a necessary 3rd party, Bank of America, formally MBNA America Bank, Norman David Freemen's former employer, who Plaintiff contends error resulted in Plaintiff not being listed as a beneficiary in the Prudential policy.  See paragraph 3.03 in Plaintiff's First Amended Petition and Request for Disclosure.

## CONCLUSION

Plaintiff and Defendant have agreed to bring in a 3rd party Defendant, Bank of America, formally MBNA America Bank, Mr. Norman David Freemen's former employer.  Plaintiff and Defendant also agreed on a Motion for Continuance to allow additional time to obtain discovery.

## PRAYER

For these reasons, Defendant asks the Court to continue the hearing on Plaintiff's Motion for Summary Judgment until August 4, 2018.

Defendant's Motion for Continuance on Summary-Judgment Hearing

Respectfully submitted,
MOAK & MOAK, P.C.

By: _____
SAM A. MOAK
TBN: 00798379
1315 Eleventh Street
Huntsville, TX 77340
Tel.  (936) 295-6394
Fax  (936) 295-3100
Attorney for Defendant

## CERTIFICATE OF SERVICE

       I certify that on February __6__, 2018, I served a copy of Defendant's Motion for Continuance on the Plaintiff listed below by eservice and regular mail.

Tom C. Clark
Clark, Malouf & White, LLP
12222 Merit Drive, Suite 340
Dallas, TX 75251
Phone: (214) 559-4400
Fax:    (214) 559-4466
Email: tom@cmwattorneys.com


Monte Hurst
Hallett & Perrin
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Phone: (214) 922-4111
Fax:    (214) 922-4142
Email:  monte.hurst@hallettperrin.com


                                        _____

                                         SAM A. MOAK

Defendant's Motion for Continuance on Summary-Judgment Hearing

# EXHIBIT A-26

FILED
DALLAS COUNTY
2/7/2018 4:12 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-02179

| | | |
|---|---|---|
| **RODNEY FORD,** | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| **OTIS NORMAN FREEMEN,** | § | |
| **Defendant** | § | 44th JUDICIAL DISTRICT |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, Otis Norman Freemen, asks the Court to deny plaintiff, Rodney Ford's Motion for Summary Judgment.

## INTRODUCTION

1.    This lawsuit is a dispute between two parties over the life insurance benefits paid out as a result of the death of David Freemen.  There was no beneficiary designated in the insurance policy.  Defendant Otis Norman Freemen is the father of David Freemen.  Plaintiff claims to have been the common law spouse of David Freeman.  Plaintiff asserts against Defendant claims of breach of suit on an instrument, breach of contract, and unjust enrichment.  Defendant ardently denies all of these claims, based on the applicable law and the disputed facts.  The parties agree that they must conduct further discovery in this case, so much so that they have filed an agreed motion for continuance in late December 2017 to pursue the additional discovery.

2.    Defendant, the father of and next of kin to David Freemen, is entitled to the proceeds from the Prudential Life Insurance Policy.  Contrary to his claims, Plaintiff was not the common law spouse of David Freemen.  Plaintiff and David Freemen had not been formally married.  They never filed a Declaration and Registration of Informal Marriage with the Dallas County Clerk or any county clerk.

3.     Defendant cannot be liable to Plaintiff for breach of contract because there was no contract between the parties.  Defendant did indeed write a check to Plaintiff, without any obligation to do so.  But, he revoked the check before it was delivered, and he communicated this to Plaintiff. Plaintiff assured Defendant that the check would be destroyed.  Defendant would not be liable to Plaintiff under any other theory asserted based on these facts.

4.     Summary judgment consideration is premature at this juncture anyway, because the parties must pursue additional discovery from David Freemen's former employer, MBNA America Bank, N.A.  MBNA may be able to shed light on whether David Freeman had tried to designate a beneficiary to his life insurance policy.  Such facts must be explored to resolve this case. While Mr. Freemen believes that summary judgment in Rodney Ford's favor would be inappropriate at any time, it would be premature to the Court and patently unfair to Mr. Freeman for this case to proceed to hearing on Mr. Ford's motion for summary judgment in light of the important discovery that must be conducted.


## BACKGROUND

5.     Plaintiff sued Defendant for breach of suit on an instrument, breach of contract and unjust enrichment.

6.     Discovery and a deposition of Defendant have been completed.

7.     Plaintiff filed a No Evidence Motion for Summary Judgment on December 13, 2017.  The basis of Plaintiff Ford's motion for summary judgment is:

   a. Breach of Contract in the form of a check;

   b. Suit on the Instrument;

   c. Assumpit – Money Had and Received

8.     Plaintiff Ford and Defendant Freemen filed a Joint Agreed Motion for Continuance on December 19, 2017.  The purpose of this Joint Agreed Motion for Continuance was to bring in Bank of America, formerly MBNA America Bank, N.A. (MBNA), David Freemen's former

employer. Plaintiff Ford has alleged that due to an error with the policy holder, the beneficiary designation could not be located at the time of David Freemen's death. See Paragraph 3.03, Page 2, Plaintiff's First Amended Petition. Plaintiff alleges the loss of the beneficiary designation on David Freemen's Prudential insurance policy, caused Plaintiff to establish his right as a beneficiary as an heir. Plaintiff Ford has made no effort to obtain the beneficiary designation form from MBNA nor Prudential, but Plaintiff Ford and Defendant Freemen have agreed to continue this case as recently as December 19, 2017. The purpose of the agreed continuance was to bring MBNA in as a necessary third party defendant due to their negligent loss of the beneficiary designation form. Adequate time to serve MBNA has not been provided nor adequate time to conduct discovery on MBNA.

## SUMMARY JUDGMENT EVIDENCE

9.    To support the facts in this response, Defendant offers the following summary judgment evidence attached to this response and incorporated the evidence into this response by reference.

Exhibit 1: Deposition of Otis Norman Freemen; pages 1, 2 and 20

Exhibit 2: Last Will and Testament of Norman David Freemen

Exhibit 3: Norman David Freemen's Death Certificate

## RESPONSE TO NO EVIDENCE SUMMARY JUDGMENT

10.    Plaintiff bases their Motion for Summary Judgment on what they call "facts undisputed". It is Defendant's contention and basis for this Response that all facts listed by Plaintiff are in fact, in dispute.

11.    Plaintiff claims that Rodney Ford is the undisputed common law spouse of Norman David Freemen. To establish common law, a Declaration and Registration of   Informal Marriage must be signed and recorded with the county clerk. Texas Family Code Chapter 2, Subchapter E §2.402. David Freemen's Last Will and Testament does not refer to Plaintiff as his spouse. See Defendant's Exhibit 2 attached. David Freemen's Death Certificate does not state Plaintiff is his

spouse. See Defendant's Exhibit 3 attached. The issue as to whether Plaintiff qualifies as a common law spouse is in dispute and has not yet been adjudicated by a Court, hence this fact is in dispute.

12.    In a no evidence motion for summary judgment, a defendant can challenge a plaintiff to produce evidence to support one or more elements of the plaintiff's cause of action on which the plaintiff would have the burden of proof at trial after an adequate time for discovery has passed. To avoid a no evidence summary judgment, the defendant is not required to marshal its proof; the defendant only needs to point out evidence that raises a fact issue on the elements challenged in the Plaintiff's motion. Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008). To raise a genuine issue of material fact, the Defendant must produce more than a scintilla of evidence in support of the challenged elements. Smith v. O'Donnell, 288. S.W.3d 417, 424 (Tex. 2009). More than a scintilla of evidence is produced if the evidence is sufficient to allow reasonable and fair-minded people to differ in their conclusions on whether the challenged fact exists. Forbes, Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). In evaluation whether more than a scintilla of evidence exists, the Court must view the evidence in the light most favorable to the Defendant, crediting evidence favorable to the Defendant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009).

13.    Movant Ford has alleged that Defendant has no evidence to defend Plaintiff's breach of contract claim. The breach of contract claim contains the basic elements of a contract action and Ford alleges that no issue of material fact exists on all elements. The elements of a contract are the main dispute in this case. Plaintiff contends the check he received was the complete contract. However, Defendant notified Plaintiff before the check was even delivered that he was stopping the check. Defendant asked Plaintiff to destroy the check and Plaintiff agreed to destroy the check upon receipt. See Lines 14 through 25, Page 20 of Otis Norman Freemen's Deposition, Exhibit 1 attached. Whether Defendant's notice he was stopping the check before it was received was notice of a revocation of an offer is a clearly disputed fact issue. A contract only exists if there has been an offer, an acceptance in strict compliance with terms the offer, a meeting of the

minds, a communication that each party has consented to the terms of the agreement, and execution and delivery of the contract with an intent that it become mutual and binding on both parties. Hallmark v. Hand, 885 S.W.2d 471 (Tex.App-El Paso 1994). Considering Defendant revoked the check before it was delivered, communicated this to Plaintiff with assurances the check would be destroyed and now Plaintiff and Defendant are in a lawsuit over whether there was a contract, there is more than a scintilla of evidence.

14.     Additionally, Plaintiff Ford contends David Freemen's former employer, MBNA, committed an error resulting in Plaintiff Ford not being listed as the beneficiary in the Prudential Life Insurance policy, there is clearly a need to bring MBNA in as a Third Party Defendant. As recently as December 27, 2017, the parties agreed to this fact. See Exhibit 2, Agreed Motion for Continuance. MBNA has not been served, filed an answer nor had any discovery filed against them. Until it can be established what MBNA's error was that caused Plaintiff Ford not be be named as the beneficiary of the Prudential Life Insurance policy, this case is not ripe for a no evidence motion for summary judgment.

15.     Plaintiff also argues he is entitled to the proceeds of the policy/check under the cause of action Money had and received. Such action is to prevent unjust enrichment and Plaintiff must prove the defendant has wrongfully secured or passively received a benefit from another that would be unconscionable to retain, and the defendant obtained the benefit from the plaintiff by fraud, duress, or the taking of an undue advantage. Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992); Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc., 300 S.W.3d 348, 367 (Tex.App.--Dallas 2009, pet. denied).. Whether or not the money belongs to Plaintiff is in dispute. It is the most disputed fact that underscores this case. A claim for money had and received is equitable in nature and that to prevail on this action, a plaintiff need only prove that (1) the defendant holds money, and (2) the money in equity and good conscience belongs to the plaintiff. Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc., 473 S.W.3d 296, 302 n.4 (Tex. 2015) (citing MGA Ins. Co. v. Charles R. Chesnutt, P.C. Defendant is entitled to the proceeds of the Prudential Life Insurance proceeds as David Freemen's sole heir. Hennig v. Didyk, 438 S.W.3d 177 (Tex.App.-Dallas 2014) Plaintiff

has provided no evidence that any of the insurance proceeds belong to Plaintiff in equity or good conscience.    Granting summary judgment without first requiring Plaintiff to prove his entitlement to the proceeds is extremely unequitable and unjust.

## **CONCLUSION**

16.    Plaintiff Ford filed a conclusory motion for no evidence summary judgment.  There is no evidence Plaintiff was the common law spouse of decedent, David Freemen.  However, evidence exists that there was not a valid contract.    Defendant Freemen revoked the contract by communicating to Plaintiff Ford he was stopping payment before the check was even delivered. Plaintiff Ford failed destroy the check as promised to Defendant Freemen creating a fact issue as to whether there was an intent that the check become a mutually binding contract on both parties. Additionally, Plaintiff Ford and Defendant Freemen filed an Agreed Motion for Continuance on December 27, 2017 for the purpose of bringing MBNA America Bank, N.A.  There is evidence Defendant is the heir of David Freemen.  It is not unjust for Defendant to have the Prudential Life Insurance proceeds.  Defendant is entitled to the proceeds of the life insurance until such time as Plaintiff can muster evidence to the contrary.  This case is not ripe for a motion for summary judgment.  Defendant believes that summary judgment in Plaintiff's favor would be inappropriate at any time, it would be premature to the Court and patently unfair to Defendant for this case to proceed to hearing on Plaintiff's motion for summary judgment in light of the important discovery that must be conducted.

## **PRAYER**

17.    For these reasons, Defendant asks the Court to deny Plaintiff's Motion for Summary Judgment.

Respectfully Submitted,
MOAK & MOAK, P.C.


By: _____
Sam A. Moak
SBN: 00798379
Moak and Moak, P.C.
1315 11th Street
Huntsville, Texas 77340
Tel (936) 295-6394
Fax (936) 295-3100

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the forgoing document was forwarded to all counsel of record on this day of February ___7___, 2018, by certified mail/return receipt, facsimile and/or electronic notice and addressed as follows:

     Calrk, Malouf & White, LLP
     Tom C. Clark
     12222 Merit Dr., Ste. 340
     Dallas, TX 75251
     (214) 559-4400-phone
     (214) 559-4466 – fax
     mailto:mmontano@jw.com

 

_____
Sam A. Moak
SBN 00798379
MOAK & MOAK
Attorneys at Law, P.C.
1315 11th Street
Huntsville, Texas 77340
Tel (936) 295-6394
Fax (936) 295-3100

ATTORNEY FOR DEFENDANT

OTIS N. FREEMEN - November 16, 2017

CAUSE NO. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 44th JUDICIAL DISTRICT |
| | § | |
| OTIS NORMAN FREEMEN, | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

------------------------------------

ORAL DEPOSITION OF

OTIS N. FREEMEN

NOVEMBER 16, 2017

------------------------------------

ORAL DEPOSITION OF OTIS N. FREEMEN, produced as a witness at the instance of the PLAINTIFF, and duly sworn, was taken in the above-styled and -numbered cause on November 16, 2017, from 12:46 p.m. to 1:23 p.m., before Judy Gamm, Certified Shorthand Reporter in and for the State of Texas, reported by machine shorthand, at the law offices of Hallett & Perrin, P.C., 1445 Ross Avenue, Suite 2400, Dallas, Texas 75202, pursuant to the Texas Rules of Civil Procedure and the provisions stated on the record or attached hereto.

CRC for JUDY GAMM & ASSOCIATES
(214) 954-0352



EXHIBIT

*1*

OTIS N. FREEMEN  -  November 16, 2017

```
 1                A P P E A R A N C E S

 2   FOR THE PLAINTIFF, RODNEY FORD:

 3        MR. THOMAS C. CLARK
          CLARK, MALOUF & WHITE, LLP
 4        12222 Merit Drive
          Suite 340
 5        Dallas, Texas  75251
          Phone:  214.559-4411
 6        Fax:    214.559.4466
          E-mail:  tom@cmwattorneys.com
 7

 8   FOR THE DEFENDANT, OTIS NORMAN FREEMEN:

 9        MR. SAM A. MOAK
          MOAK & MOAK, P.C.
10        1315 Eleventh Street
          Huntsville, Texas  77340
11        Phone:  936.295.6394
          Fax:    936.295.3100
12        E-mail:  sam@moakandmoak.com

13

14   ALSO PRESENT:

15        Mr. Rodney Ford, the Plaintiff

16

17

18

19

20

21

22

23

24

25
```

1 one time, and that was way over the amount that I was

2 told you could give away.

3     Q.  And so then what did you do?

4     A.  I conferred with my brother-in-law, and we

5 decided the best thing to do and work this thing out was

6 to stop payment on the check before it got paid, which I

7 did.

8     Q.  And then what did you do -- who is your

9 brother-in-law?

10     A.  Wallace Shaw.

11     Q.  Oh, that is your brother-in-law.

12         And did you pay Mr. Shaw for his services?

13     A.  No, I did not.

14     Q.  Did you speak with Mr. Ford about your decision

15 to stop payment on the check?

16     A.  Yes, I did.

17     Q.  Tell me about that.  Was it a conversation?

18     A.  Telephone conversation.

19     Q.  What did you tell him?

20     A.  I informed him that I had stopped payment on

21 the check and asked him to tear the check up, which he

22 informed me he had shredded it.

23     Q.  And did you tell him why you stopped payment on

24 the check?

25     A.  Yes, I did.

Page 20

PR. No. 4005 1

FILED

2016 DEC 16   PM 1:22

JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# LAST WILL AND TESTAMENT
## OF
## NORMAN DAVID FREEMEN

I, Norman David Freemen, a resident of Dallas, Texas declare this to be my Last Will and revoke all former Wills and Codicils.

## ARTICLE I
### Identification of Family

At the present time I am unmarried and have no children. In making this Will, I do not have in mind to provide for any children hereafter born to or adopted by me.

## ARTICLE II
### Disposition of Remains

I direct that my remains be cremated. A memorial service as detailed to Rodney and burial of my remains with my mother. I authorize my Executor to carry out these directions and wishes, particularly those for the disposition of my remains.

## ARTICLE III
### Appointment of Fiduciaries

**A.**   **Appointment of Personal Representative.** I appoint my life-partner, Rodney Lynn Ford, as Independent Executor of my estate. No action shall be held in any court in relationship to the settlement of my estate other than the probating and recording of this Will and the return of an inventory, appraisement, and list of claims of my estate. My Independent Executor, whether original, substitute, or successor, is referred to in this instrument as my "Executor" or my "personal representative".

**B.**   **Bond; Court Supervision.** My Executor shall have the right to serve without bond.

## ARTICLE IV
### Specific Gifts

**A.**   **Gifts of Specified Items of Property.** I give all my interest in certain items of tangible personal property to the beneficiaries designated in this section as follows:

EXHIBIT

2

1.    **Specific Gift One.** I give all my property and belongings to my life-partner, Rodney Lynn Ford if Rodney Lynn Ford survives me. If Rodney Lynn Ford does not survive me no property shall pass under this Article.

B.    **Gifts of Tangible Personal Property.** If my life-partner, Rodney Lynn Ford survives me, I give to Rodney Lynn Ford all my interest in all furniture, jewelry, clothing, personal effects, furnishings, china, silver, books, paintings, pictures, tools, recreational equipment and vehicles, not otherwise disposed of under Paragraph A.1 of this Article, together with all other similar articles of tangible personal property held for personal use and enjoyment. If Rodney Lynn Ford does not survive me, those items shall be sold at public or private sale and the proceeds added to my residuary estate; however, my personal representative may donate to charity or discard the items that are of nominal value.

C.    **Insurance.** I give to each recipient of an item of tangible personal property my interest in any insurance covering the item. My purpose in making this gift is to give each recipient the benefit of insurance coverage for which I have already paid. It is not my intention to give any recipient the proceeds of an insurance claim that exists but is unpaid at my death.

**ARTICLE V**
**Disposition of Residue**

1.    **Provision for Others.** I give all of the rest and residue of my estate, wherever located (hereafter referred to in this Article as "residue"), to my life-partner, Rodney Lynn Ford. If my life-partner, Rodney Lynn Ford does not survive me then I give all of the residue to my father, Otis Norman Freemen. If I am not survived by any party named in this provision, I give the entire residue to my heirs.

**ARTICLE VI**
**Alternative Methods of Distribution**

A.    **Purpose of Article.** Recognizing that under certain circumstances the terms of this Will may direct that property be distributed outright to a person who is under age twenty-one (21) or under a legal disability; I make the following provisions to facilitate the distribution of property to such persons.

B.    **Alternative Methods.** Whenever the terms of this Will direct my personal representative (referred to in this Article as the "fiduciary") to distribute property outright to a person who is then under age twenty-one (21) or under a legal disability, the fiduciary may retain pursuant to Paragraph C. of this Article or distribute all or any portion of that property in any one or more of the following ways:

1.      Delivery directly to the beneficiary;

2.      Delivery to the parent or stepparent of the beneficiary;

3.      Delivery to the guardian of the beneficiary's person or property;

4.      Delivery to any Custodian for the beneficiary under the Uniform Gifts to Minors Act;

5.      Delivery to any then existing trust created for the beneficiary;

6.      Deposit in a financial institution in an account established in the name of the beneficiary alone pursuant to the laws of the State of Texas;

7.      Storage of any tangible personal property in safekeeping with the costs of storage to be borne by the beneficiary; or

8.      Sale of any tangible personal property and delivery of the proceeds in any manner permitted by this Article.

Provided the fiduciary acts in good faith, upon delivery of any property in accordance with the provisions of this Article, the fiduciary shall be discharged from all responsibilities in connection with the property.

C.      **Discretionary Trust.**   Any property not distributed as provided in Paragraph B. of this Article shall be retained by the fiduciary in trust for the beneficiary on the following terms and conditions:  During any period in which the beneficiary is under a legal disability or under twenty-one (21) years of age, the fiduciary shall pay to or apply for the benefit of the beneficiary so much of the income and principal of the trust as the fiduciary, in its sole and absolute discretion, determines is advisable for the beneficiary's health, support, education and general welfare.  At such time as the beneficiary is neither under a legal disability nor under age twenty-one (21), the fiduciary shall distribute any remaining trust assets to the beneficiary.  If the beneficiary dies before all of the trust assets have been distributed, the fiduciary shall distribute any remaining trust assets to the beneficiary's estate.

### ARTICLE VII
### Administrative Provisions

A.      **Powers and Duties of Personal Representative.**   My personal representative shall have all of the powers and duties granted to or imposed upon personal representatives serving with non-intervention powers pursuant to the laws of the State of Texas.

   **B.    Debts and Expenses.**  All expenses of administration chargeable to principal, the expenses of the disposition of my remains, and all my legitimate debts, if and when paid, shall be paid from the principal of my residuary estate.  No debt need be paid prior to its maturity in due course and except as otherwise provided in this Will no interest in any property passing under this Will need be exonerated.

   **C.    Taxes.**  All estate, inheritance or other similar death taxes, together with any interest or penalties thereon, arising by reason of my death with respect to any property includable in my taxable estate, and any adjusted taxable gifts, whether passing under or outside of this Will, shall be paid from the principal of my residuary estate without reimbursement from the recipients or beneficiaries of such property, provided, however, that in the event any proceeds of insurance upon my life or any property over which I held a power of appointment are included in my estate for purposes of determining the federal estate tax liability of my estate, then the residue of my estate shall be entitled to receive from the recipients of any such proceeds or property the portion of such federal estate tax liability attributable to such proceeds or property determined in accordance with IRC §§ 2206 and 2207.

**ARTICLE VIII**
<u>Miscellaneous</u>

   **A.    Number and Gender.**  Unless the context indicates a contrary intent, the plural and singular forms of words shall each include the other, and every noun and pronoun shall have a meaning that includes the masculine, feminine and neuter genders.

   **B.    Survival.**  To "survive" me, as that term is used in this Will, a person must continue to live for thirty (30) days after my death.

   **C.    Descendants.**  The "descendants" of an individual include only the following:

   1.    All such individual's biological descendants, except any person not born in lawful wedlock and his descendants, unless the biological parent who would otherwise cause him or her to be a descendant has acknowledged paternity or maternity in legitimation proceedings, or in an unambiguous signed writing identifying such person by name, or by raising such person in the same household; and

   2.    Persons adopted by such individual or one of his or her descendants, and their descendants.

If the parent, who would cause a person to be a descendant as defined above, is replaced in an adoption proceeding, such person shall remain a descendant unless such parent

voluntarily consents to the relinquishment of his or her status as parent in connection with such adoption proceedings.

     D.    **Heirs.** The term "heirs" shall mean those persons entitled to inherit under the then-applicable laws of the State of Texas governing the descent of an intestate's separate estate. They shall inherit in their statutory proportions.

     E.    **Exclusion of Pretermitted Heirs.** Other than as set forth in this Will, I make no provision for any child of mine or descendant of a deceased child of mine. I specifically make no provision for any person (whether now living or hereafter born), other than a child named or referred to in Article I or a descendant of mine as defined in this Will, who may be entitled to claim an interest in my estate under the laws of the State of Texas.

     F.    **Legal Disability.** A person is under a legal disability if my personal representative determines, in good faith, that the person is incapable of managing his property or of caring for himself, or both, or is in need of protection or assistance by reason of physical injury or illness, mental illness, developmental disability, senility, alcoholism, excessive use of drugs, or other physical or mental incapacity.

     G.    **Title to Real Property.** Upon my death, title to any real property passing under this Will shall vest in my personal representative in his fiduciary capacity and shall remain so vested until my personal representative distributes or sells that property, at which time title shall vest in the distributee or purchaser.

     H.    **Disclaimer.** Except as may be otherwise specifically provided in this Will, in the event that any beneficiary disclaims an interest arising out of this Will or any trust created herein it is my intention that the interest disclaimed shall be distributed in the same manner and at the same time as if the disclaiming beneficiary had died immediately preceding the event pursuant to the laws of the State of Texas.

     I.    **Governing Law.** The provisions of this Will shall be interpreted in accordance with and in light of the laws of the State of Texas.

     J.    **Corporate Successors.** Whenever a corporation or other business entity is referred to herein, the reference shall include any successor organization.

     K.    **References to Statutes.** In this Will, the abbreviation "IRC" shall refer to the Internal Revenue Code of 1986 as amended.

I have initialed and dated for identification purposes all pages of this, my Last Will, and have executed the entire instrument by signing this page on the 13 day of October, 2004, at DALLAS, Texas.

*[signature]*
Norman David Freemen

### Attestation and Statement of Witnesses

Each of us declares under penalty of perjury under the laws of Texas that Norman David Freemen, the Testator, signed this instrument as his Last Will in our presence, all of us being present at the same time, and we now, at the Testator's request, in the Testator's presence, and in the presence of each other, sign below as the witnesses, declaring that the Testator appears to be of sound mind and under no duress, fraud, or undue influence.

*[signature]*
[Witness Signature]

*[signature]*
[Witness Signature]

Nalani S. Keltz
[Print Name]

TENA L. Bogle
[Print Name]

Residing at 721 Winifred Dr
Garland, TX 75041

Residing at 4110 BERMUDA De
Rowlett, Tx 75088

STATE OF TEXAS
CERTIFICATION OF VITAL RECORD

# DEPARTMENT OF STATE HEALTH SERVICES
## VITAL STATISTICS UNIT

TEXAS DEPARTMENT OF STATE HEALTH SERVICES · VITAL STATISTICS

**STATE OF TEXAS**    **CERTIFICATE OF DEATH**    STATE FILE NUMBER **142-16-155709**

1. LEGAL NAME OF DECEASED (Include AKA's, if any) (First, Middle, Last)    (Maiden)    2. DATE OF DEATH ACTUAL OR PRESUMED (mm-dd-yyyy)

NORMAN DAVID FREEMEN AKA NORMAN DAVID FREEMAN    OCTOBER 23, 2016

| 3. SEX | 4. DATE OF BIRTH (mm-dd-yyyy) | 5. AGE-Last Birthday (Years) | IF UNDER 1 YR. Mo / Days | IF UNDER 1 DAY Hours / Min | 6. BIRTHPLACE (City & State or Foreign Country) |
|---|---|---|---|---|---|
| MALE | AUGUST 1, 1955 | 61 | | | FREEPORT, TX |

| 7. SOCIAL SECURITY NUMBER | 8. MARITAL STATUS AT TIME OF DEATH | 9. SURVIVING SPOUSE'S NAME (If wife, give name prior to first marriage) |
|---|---|---|
| ▓▓▓▓▓ | ☐ Married ☐ Widowed ☐ Divorced ☒ Never Married ☐ Unknown | |

| 10a. RESIDENCE STREET ADDRESS | 10b. APT. NO. | 10c. CITY OR TOWN |
|---|---|---|
| 3160 ROTAN LANE | | DALLAS |

| 10d. COUNTY | 10e. STATE | 10f. ZIP CODE | 10g. INSIDE CITY LIMITS? |
|---|---|---|---|
| DALLAS | TEXAS | 75229 | ☒ Yes ☐ No |

| 11. FATHER'S NAME PRIOR TO FIRST MARRIAGE | 12. MOTHER'S NAME PRIOR TO FIRST MARRIAGE |
|---|---|
| OTIS NORMAN FREEMAN | PATRICIA LUCILLE SHAW |

13. PLACE OF DEATH (CHECK ONLY ONE)

IF DEATH OCCURRED IN A HOSPITAL: ☐ Inpatient ☐ ER/Outpatient ☐ DOA

IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL: ☐ Hospice Facility ☐ Nursing Home ☒ Decedent's Home ☐ Other (Specify)

| 14. COUNTY OF DEATH | 15. CITY/TOWN, ZIP (IF OUTSIDE CITY LIMITS, GIVE PRECINCT NO.) | 16. FACILITY NAME (If not institution, give street address) |
|---|---|---|
| DALLAS | DALLAS, 75229 | 3160 ROTAN LANE |

| 17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED | 18. MAILING ADDRESS OF INFORMANT (Street and Number,City,State,Zip Code) |
|---|---|
| RODNEY FORD - AGENT | 3160 ROTAN LANE, DALLAS, TX 75229 |

| 19. METHOD OF DISPOSITION | 20. SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH | 21. |
|---|---|---|
| ☐ Burial ☒ Cremation ☐ Donation ☐ Entombment ☐ Removal from state ☐ Other (Specify) | AUDRA WEEKS ,BY ELECTRONIC SIGNATURE - 115300 | ☒ Unknown Section Block Lot Space |

| 22. PLACE OF DISPOSITION (Name of cemetery, crematory, other place) | 23. LOCATION (City/Town, and State) |
|---|---|
| NORTHEAST TEXAS CREMATORY | ROCKWALL, TX |

| 24. NAME OF FUNERAL FACILITY | 25. COMPLETE ADDRESS OF FUNERAL FACILITY (Street and Number, City, State, Zip Code) |
|---|---|
| LOCALCREMATION.COM | 8499 GREENVILLE AVE, SUITE 107, DALLAS, TX 75231 |

26. CERTIFIER (Check only one)

☒ Certifying physician-To the best of my knowledge, death occurred due to the cause(s) and manner stated.

☐ Medical Examiner/Justice of the Peace - On the basis of examination, and/or investigation, in my opinion, death occurred at the time,date and place, and due to the cause(s) and manner stated.

| 27. SIGNATURE OF CERTIFIER | 28. DATE CERTIFIED (mm-dd-yyyy) | 29. LICENSE NUMBER | 30. TIME OF DEATH(Actual or presumed) |
|---|---|---|---|
| TAMARA MCGREGOR , BY ELECTRONIC SIGNATURE | OCTOBER 28, 2016 | J1544 | 10:50 AM |

| 31. PRINTED NAME, ADDRESS OF CERTIFIER (Street and Number, City,State,Zip Code) | 32. TITLE OF CERTIFIER |
|---|---|
| TAMARA MCGREGOR 5920 FOREST PARK RD, DALLAS, TX 75390-1005 | MD |

33. PART 1. ENTER THE CHAIN OF EVENTS – DISEASES, INJURIES, OR COMPLICATIONS - THAT DIRECTLY CAUSED THE DEATH. **DO NOT** ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. DO NOT ABBREVIATE. ENTER ONLY ONE CAUSE ON EACH.

| | | Approximate interval Onset to death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) → a. | ENDSTAGE COMPLICATIONS OF ADVANCED NON-HODGKINS LYMPHOMA | 2 YEARS |
| | Due to (or as a consequence of): | |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST b. | | |
| | Due to (or as a consequence of): | |
| c. | | |
| | Due to (or as a consequence of): | |
| d. | | |

PART 2. ENTER OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART 1.

| 34. WAS AN AUTOPSY PERFORMED? ☐ Yes ☒ No |
|---|
| 35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH ☐ Yes ☐ No |

| 36. MANNER OF DEATH | 37. DID TOBACCO USE CONTRIBUTE TO DEATH? | 38. IF FEMALE: | 39. IF TRANSPORTATION INJURY, SPECIFY: |
|---|---|---|---|
| ☒ Natural ☐ Accident ☐ Suicide ☐ Homicide ☐ Pending Investigation ☐ Could not be determined | ☐ Yes ☐ No ☐ Probably ☒ Unknown | ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to one year before death ☐ Unknown if pregnant within the past year | ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other (Specify) |

| 40a. DATE OF INJURY (mm-dd-yyyy) | 40b. TIME OF INJURY | 40c. INJURY AT WORK? ☐ Yes ☐ No | 40d. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area) | 40e. COUNTY OF INJURY |
|---|---|---|---|---|

41. DESCRIBE HOW INJURY OCCURRED

| 42a. REGISTRAR FILE NO. | 42b. DATE RECEIVED BY LOCAL REGISTRAR | 42c. REGISTRAR |
|---|---|---|
| 0209219 | NOVEMBER 1, 2016 | REGISTRAR - CITY OF DALLAS, ELECTRONICALLY FILED |
| EDR NUMBER 000001988063 | | |

WARNING: The penalty for knowingly making a false statement on this form can be 2-10 years in prison and a fine up to $10,000. Health and Safety Code, Sec. 195. 1999)

VS-112 REV 1/2006

EXHIBIT 3

This is a true and correct reproduction of the original record as recorded in this office. Issued under authority of Section 191.051, Health and Safety Code.

ISSUED    NOV 02 2016

VICTOR A. FARINELLI
ACTING STATE REGISTRAR

WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

QA0973 8325

# EXHIBIT A-27

FILED
DALLAS COUNTY
2/7/2018 2:45 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:18-cv-03095-B-BN    Document 1-2    Filed 11/20/18    Page 169 of 180    PageID 177
Page 36

**OTIS N. FREEMEN - November 16, 2017**

```
 1                    CAUSE NO. DC-17-02179

 2   RODNEY FORD,              §    IN THE DISTRICT COURT
                               §
 3            Plaintiff,       §
                               §
 4   v.                        §    DALLAS COUNTY, TEXAS
                               §
 5   OTIS NORMAN FREEMEN,      §
                               §
 6            Defendant        §    44th JUDICIAL DISTRICT

 7

 8                 REPORTER'S CERTIFICATION
                DEPOSITION OF OTIS N. FREEMEN
 9                   NOVEMBER 16, 2017

10

11        I, Judy Gamm, Certified Shorthand Reporter in and

12   for the State of Texas, hereby certify to the following:

13        That the witness, OTIS N. FREEMEN, was duly sworn

14   by the officer and that the transcript of the oral

15   deposition is a true record of the testimony given by

16   the witness;

17        That the deposition transcript was submitted on

18    12/11/2017          to the witness or to the attorney

19   for the witness for examination, signature and returned

20   to me by    1/3/2018          ;

21        That the amount of time used by each party at the

22   deposition is as follows:

23        MR. THOMAS C. CLARK.........00 HOURS:36 MINUTES
          MR. SAM A. MOAK.............00 HOURS:00 MINUTES
24

25        That pursuant to information given to the
```

**CRC for JUDY GAMM & ASSOCIATES**
**(214) 954-0352**

**OTIS N. FREEMEN  -  November 16, 2017**

```
 1  deposition officer at the time said testimony was taken,

 2  the following includes counsel for all parties of

 3  record:

 4       MR. THOMAS C. CLARK, Attorney for Plaintiff,
              RODNEY FORD
 5
         MR. SAM A. MOAK, Attorney for Defendant,
 6            OTIS NORMAN FREEMEN

 7

 8       I further certify that I am neither counsel for,

 9  related to, nor employed by any of the parties or

10  attorneys in the action in which this proceeding was

11  taken, and further that I am not financially or

12  otherwise interested in the outcome of the action.

13       Further certification requirements pursuant to

14  Rule 203 of TRCP will be certified to after they have

15  occurred.

16       Certified to by me this 11th day of December, 2017.

17

18                            - - - - - - - - - - - - - - - - -

19

20                            _____
                              Judy Gamm, Texas CSR 9200
21                            Expiration Date:  12/31/2018
                              Firm Registration No. 345
22                            CRC for Judy Gamm & Associates
                              3131 McKinney Avenue, Suite 300
23                            Dallas, Texas  75204
                              Office:  214.954.0352
24                            Direct:  972.765.4840

25
```

**OTIS N. FREEMEN  -  November 16, 2017**

```
 1        FURTHER CERTIFICATION UNDER RULE 203 TRCP
 2        The original deposition XX was/___ was not returned
 3   to the deposition officer on ___1/3/2018_____;
 4        If returned, the attached Changes and Signature
 5   page(s) contain(s) any changes and the reasons therefor;
 6        If returned, the original deposition was delivered
 7   to MR. TOM C. CLARK, Custodial Attorney;
 8        That $_401.50_____ is the deposition officer's
 9   charges to the Plaintiff for preparing the original
10   deposition transcript and any copies of exhibits;
11        That the deposition was delivered in accordance
12   with Rule 203.3, and that a copy of this certificate,
13   served on all parties shown herein, was filed with the
14   Clerk.
15        Certified to by me this ___22nd_____ day of
16   _January, 2018_____, XXXX.
17
18
19
20        _____
21        Judy Gamm, Texas CSR 9200
          Expiration Date:  12/31/2018
          Firm Registration No. 345
22        CRC for Judy Gamm & Associates
          3131 McKinney Avenue, Suite 300
23        Dallas, Texas  75204
          Office:  214.954.0352
24        Direct:  972.765.4840
25
```

**OTIS N. FREEMEN - November 16, 2017**

```
 1                    CHANGES AND SIGNATURE

 2   WITNESS NAME:  OTIS N. FREEMEN

 3   DATE:  November 16, 2017

 4   Reason Codes:  (1) to clarify the record; (2) to conform
     to the facts; (3) to correct a transcription error;
 5   (4) other (please explain).

 6   PAGE/LINE       CHANGE                    REASON CODE

 7   _____

 8   _____

 9   _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   _____

17   _____

18   _____

19   _____

20   _____

21   _____

22   _____

23   _____

24   _____

25   _____
```

OTIS N. FREEMEN - November 16, 2017

1    I, OTIS N. FREEMEN, have read the foregoing

2    deposition and hereby affix my signature that same is

3    true and correct, except as noted above.

4

5

6    _____
     OTIS N. FREEMEN

7

8    THE STATE OF *Texas* )

9    COUNTY OF *Walker* )

10

11   Before me, *Otis N. Freemen* , on this day

12   personally appeared OTIS N. FREEMEN, known to me (or

13   proved to me under oath or through

14   *Texas Drivers License* ) (description of identity

15   card or other document)) to be the person whose name is

16   subscribed to the foregoing instrument and acknowledged

17   to me that they executed the same for the purposes and

18   consideration therein expressed.

19   Given under my hand and seal of office this

20   *20th* day of *December* , *2017* .

21

22

23   _____
     NOTARY PUBLIC IN AND FOR

24   THE STATE OF *Texas*
     COMMISSION EXPIRES: *8-14-2020*

25

CRC for JUDY GAMM & ASSOCIATES
(214) 954-0352

# EXHIBIT A-28

CAUSE NO.  DC-17-02179

RODNEY FORD,                         §          IN THE DISTRICT COURT
Plaintiff                            §
                                     §
                                     §
v.                                   §          OF DALLAS COUNTY, TEXAS
                                     §
OTIS NORMAN FREEMEN,                 §
Defendant                            §          44ᵗʰ JUDICIAL DISTRICT

## ORDER ON DEFENDANT'S MOTION FOR CONTINUANCE
## ON SUMMARY-JUDGMENT HEARING

      After considering Defendant, Otis Norman Freemen's motion for continuance of the summary judgment hearing, the pleadings, the response, the affidavits, and other evidence on file, the Court ~~GRANTS~~ *Denies* the motion for continuance. ~~The date for the submission of the motion for summary judgment is continued until _____, 2018. Defendant must file his response to the motion for summary judgment, supporting affidavits, and other summary-judgment evidence by _____, 2018.~~

SIGNED on _Februey 8_____, 2018.

_____
PRESIDING JUDGE

Defendant's Motion for Continuance on Summary-Judgment Hearing

7

# EXHIBIT A-29

FILED
DALLAS COUNTY
2/9/2018 2:01 PM
FELICIA PITRE
DISTRICT CLERK

Marcus Turner

CAUSE NO. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD,<br>Plaintiff(s), | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| OTIS NORMAN FREEMEN, | § | |
| Defendant(s) | § | 44th JUDICIAL DISTRICT |

## APPLICATION FOR SUBPOENA DUCES TECUM

TO THE DISTRICT CLERK OF DALLAS COUNTY:

IN THE MATTER OF RODNEY FORD v. OTIS NORMAN FREEMEN, Cause No. DC-17-02179, please issue subpoenas in accordance with the law for the following named witnesses to appear before the 44th District Court of Dallas County, Dallas, Texas on the INSTANTER:

1.    Bank of America Global Human Resource Service Center, 9501 Lakeside Blvd., The Woodlands, Texas 77381.

The above named witness is requested to produce the following books, papers, documents or tangible things as follows:

any and all records pertaining to NORMAN DAVID FREEMEN, DOB: August 1, 1955, including but not limited to, employment records, life insurance policies provided through employer , namely Prudential or Prudential Alliance Accounts, retirement accounts and any initial contracts.

Applicant prays that the said subpoena be made returnable on the INSTANTER.

Applicant prays that said witnesses deliver said requested documents to the *Moak & Moak, P.C., 1315 11th Street, Huntsville, TX 77340 on or before March 25, 2018, before 5:00 p.m.*

Application for Subpoena Duces Tecum                                                                                    1

Sam A. Moak
SBN 00798379
MOAK & MOAK
Attorneys at Law, P.C.
1315 11th Street
Huntsville, Texas 77340
Tel (936) 295-6394
Fax (936) 295-3100

ATTORNEY FOR DEFENDANT

# EXHIBIT A-30

CAUSE NO. DC-17-02179

| | | |
|---|---|---|
| RODNEY FORD, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| OTIS NORMAN FREEMEN, | § | |
| | § | |
| *Defendant.* | § | 44TH JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

On this day came for consideration Plaintiff's Motion for Summary Judgment. After consideration of the relevant arguments and evidence, this Court is of the opinion that Plaintiff's Motion for Summary Judgment should be DENIED, without prejudice.

Signed on this 14th day of February, 2018.

_____

**Honorable Bonnie Lee Goldstein**
44th Judicial District
Dallas County, Texas