UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY FORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-3095-B |
| | § | |
| OTIS NORMAN FREEMEN, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Otis Norman Freeman makes three objections to the Findings, Conclusions and Recommendations [Dkt. No. 105] of the United States Magistrate Judge. *See* Dkt. No. 106. The Court reviews the objections de novo. *See* Fed. R. Civ. P. 72(b)(3).

First, Defendant objects to the conclusion that Plaintiff Rodney Freeman was the common-law spouse of the decedent, Norman David Freeman. *See* Dkt. No. 105 at 17. Defendant asserts there are fact questions concerning Plaintiff's status as common-law spouse and points to decedent's will, which refers to Plaintiff as "life partner," the beneficiary designation for the insurance policy, which refers to Plaintiff as "other," and the death certificate, which refers to Plaintiff as "agent." *See* Dkt. No. 69 at 9, 11-16, 26. The first two documents precede the United States Supreme Court's determination that same-sex couples have the right to marry and the right to have lawful same-sex marriages recognized. *See Obergefell v. Hodges*, 576 U.S. ___, 135 S. Ct. 2584, 2604-05 (2015). The insurance beneficiary designation was made on December 20, 1996, and the will was executed on October 13, 2004. Since the *Obergefell* holding applies retroactively, *see Ranolls v. Dewling*, 223 F. Supp. 3d 613, 624 (E.D. Tex. 2016), these two documents do not create fact questions concerning

Plaintiff's status as the decedent's common-law spouse. And the description of Plaintiff as an "agent" on the death certificate does not create a material fact question.

Defendant's second and third objections are to the magistrate judge's conclusion that Defendant is estopped from asserting a lack-of-consideration defense and, even if the defense were allowed, the contract is supported by consideration. See Dkt. No. 105 at 12. Both objections are based on Defendant's contention that Plaintiff could not prove his status as decedent's common-law spouse. But that is a mischaracterization of the summary judgment evidence. The evidence shows that Plaintiff could demonstrate his marital status but it would be time-consuming and expensive.

Accordingly, after makinng an independent review of the pleadings, files, and records in this case and of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated July 28, 2020, the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct, and they are accepted as the Findings, Conclusions, and Recommendation of the Court.

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted and Plaintiff Rodney Freeman's Motion for Summary Judgment Against Defendant Otis Norman Freeman [Dkt. No. 65] is GRANTED. The Court GRANTS Plaintiffs motion for summary judgment on the breach of contract and money had and received claims and imposes a constructive trust on Defendant's house located at 1601 Wickersham, Huntsville, Texas, and any property that can be traced to the proceeds of the Prudential insurance policy procured by David Freeman as a benefit of his employment with MBNA. The Court also awards Plaintiff $30,300 in attorney's fees.

ORDERED this 17th day of August, 2020.

SO ORDERED.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE